## Means v. Twin Valley School District

*Mabel Ditter Sellers,* for plaintiffs.
*Jon S. Malsnee,* for defendants.

WESNER, *Chancellor*, November 14, 1980— Plaintiffs filed a complaint in equity challenging the validity of a resolution of the Twin Valley School Board, adopted January 17, 1977, which, inter alia, established a new rate of compensation for the tax collectors. Hearings on the matter were held on August 19, 20, 21 and 22, 1980.

## STATEMENT OF ISSUES

Is the amount of compensation fixed by the Twin Valley School Board so inadequate so as to render the action a capricious abuse of discretion?

Is the entire resolution passed by the Twin Valley School Board void as a matter of law?

## FINDINGS OF FACT

Plaintiffs were duly elected and acting tax collectors at the time this suit was filed.[1]

Defendant school district is a third class school district under the laws of Pennsylvania and its principal place of business and the location of its administrative office is located in Berks County. Four of the six municipalities comprising the school district are located in Chester County.[2]

---

1. Defendants submit that G. Ronald Beaton and Mahlon Kurtz lack standing as taxpayers and also lack standing as tax collectors in that they left office prior to the fiscal year in which the challenged resolution took effect. In view of the fact that these plaintiffs are not seeking damages and that the standing of the two other plaintiffs is not disputed, this is a moot point which we need not decide.

2. Plaintiffs originally filed suit in Chester County on March 3, 1977. Defendants challenged the jurisdiction of that court. On March 28, 1979, the Chester County Court filed an opinion finding venue properly lies in Berks County and transferred the matter to this court.

Prior to January, 1978, for the term extending from January 1, 1974 to December 31, 1977, the school board had approved a compensation rate to the tax collectors based on three percent of all taxes collected up to the expiration of the "flat period" and five percent of all taxes collected during the penalty period.[3]

On January 17, 1977, acting under the authority of the Local Tax Collection Law,[4] the Board of Directors of Twin Valley School District adopted the following resolution:

"1. Dr. Baillie recommended the Board approve a policy setting tax collectors' compensation at $.20 per real estate bill and $.20 per capital bill[5] in a given municipality for that municipality's tax collector per year as follows:

| Municipality | School District Compensation for Tax Collectors |
|---|---|
| Elverson Borough | $.20 per real estate bill plus $.20 per capita bill |

---

3. One of plaintiffs William D. Killian, testified that he had by his own unilateral action reduced his compensation from three percent of taxes collected to two and one-half percent in 1972, and further reduced it to one and three-quarters percent in 1976.

4. "When any taxing district or taxing authorities propose to either raise or reduce compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution finally passed or adopted prior to the fifteenth day of February of the year of the municipal election." 72 P.S. §5511.36a.

5. The tax collectors were actually paid only for the bills collected, although the resolution states that they shall be paid at $.20 per bill, with no additional stipulation that the bill be collected.

| Municipality | School District Compensation For Tax Collectors |
|---|---|
| West Nantmeal Township | $.20 per real estate bill plus $.20 per capital bill |
| Honeybrook Borough | $.20 per real estate bill plus $.20 per capital bill |
| Honeybrook Township | $.20 per real estate bill plus $.20 per capital bill |
| Robeson Township | $.20 per real estate bill plus $.20 per capital bill |
| Caernarvon Township | $.20 per real estate bill plus $.20 per capital bill |

"2. Further recommend that the tax collectors, immediately upon inauguration, be requested to deputize a representative of an established fiduciary institution in writing.

"3. Further recommend that the established fiduciary institution, so deputized, be required to hold harmless tax collectors for whom the bank collects as deputy of said tax collector. The tax collectors' bond would cover the tax collectors' liability for any amounts which the tax collectors themselves would handle.

"4. Such action to take effect the first Monday of January, 1978."

A motion was made to adopt the above resolution. The motion was seconded and carried by a unanimous vote of the school directors.

This resolution, except for the new rate of compensation, was never implemented because the tax collectors refused to deputize the bank designated by the school district to collect their taxes.[6]

---

6. During the tax year beginning 1980, the present tax collector in Elverson Borough, one of the municipalities comprising the Twin Valley School District, appointed a bank as her deputy.

On March 3, 1977, plaintiffs filed a complaint in equity challenging the validity of this resolution.

Subsequently, on June 14, 1978, a three-page letter signed by Dr. John Baillie, the Twin Valley School District Superintendent, was sent to each tax collector in the district. This letter advised the tax collectors that an "improved system of tax collection had been developed, whereby the school district itself would prepare all of the school tax bills, stuff them in pre-stamped envelopes, and bundle them for each tax collector. The actual mailing of the bills was to be the tax collectors' only participation in the billing process. All other duties were to be carried out by district personnel.

## DISCUSSION

Plaintiffs seek to have this court declare void the Twin Valley School District resolution of January 17, 1977, which established the tax collectors' remuneration for the term of office beginning January 1, 1978. They allege that the directors abused their discretion and acted arbitrarily and capriciously, making no attempt to set the compensation at a level commensurate with the duties and responsibilities of the tax collectors.

The Board of School Directors has the statutory authority to set the rate of compensation for tax collectors.[7] However, the power given to school boards to fix the compensation is discretionary, it is not unlimited, and the courts may and should intervene when it clearly appears that the school directors were guilty of an abuse of discretion. Abington

---

7. ". . . In the case of school district taxes, the commission or compensation of the tax collector shall be determined by the board of school directors. . . ." 72 P.S. §5511.35.

School District v. Yost, 40 Pa. Commw. 312, 397 A.2d 453 (1979).

The question then becomes one of whether or not the amount of compensation fixed by the board was, in fact, so entirely inadequate so as to render the action a capricious abuse of discretion. We so find.

Dr. Baillie, Superintendent of Twin Valley School District, testified that the school district had one of the highest costs of tax collection in this state, and that the board was making an effort to reduce what they believed was the excessive cost of collection. Pursuant to their goal, the board reduced the tax collector's compensation. It appears that no inquiry was made as to the amount of time and effort needed to fulfill the duties of tax collector. In fact, the only inquiry seems to have been as to the per mailing allowance imposed in other school districts.

Compensation is excessive when it far exceeds the value of the work performed. It is within a school board's power to reduce, if necessary, the compensation of the tax collectors to a level commensurate with the duties of the office. It is not, however, within a school board's power to reduce the cost of tax collection by eliminating the duties of an elected official, substituting a system they believe to be more efficient; nor can they accomplish by economic coercion what they cannot otherwise accomplish, by setting the compensation so low that the tax collectors are forced to relinquish their duties.

When this resolution was adopted, the school board clearly contemplated that the bank approved by them would be deputized by the tax collectors. Subsequently, a letter[8] was sent to all tax collectors

8. Letter of John K. Baillie, Superintendent of Twin Valley School District, dated June 14, 1978.

stating that the school board intended to replace the existing system of tax collection with an 'improved' system, whereby the district itself and its personnel would send out the tax notices. Obviously, this letter cannot be equated with a formal resolution of the school board, nor can it lawfully provide the basis for the rate of compensation of the tax collectors.

The stipulated compensation may or may not have been adequate if the tax collectors had delegated the billing process to the school district and the collection process to a bank, but they did not choose to do so. Obviously $.20 per tax bill was never intended to be adequate remuneration to the tax collectors for fulfilling the duties of the office. Further, no real attempt was made to determine what a reasonable compensation would be.

There is not the slightest indication that the legislature intended the local taxing authorities to have the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections, already comprehensively provided for in the statute. Abington School District v. Yost, supra. Unless and until the legislature changes the tax collection laws, school boards must establish rates of compensation based on the assumption that the tax collectors will perform the duties assigned to them by law, which includes sending out tax notices[9] and collecting the taxes.[10] Alternate rates may be established for tax collectors who elect to deputize a bank to collect the taxes, or to utilize any services offered by the school district, but the choice must remain with the tax collector.

Plaintiffs argue that this resolution is an integral part of a plan by the board to usurp all of the duties

---

9. 72 P.S. §5511.6
10. 53 P.S. §46086 and 72 P.S. §5511.13.

and authority of the elected tax collectors, and therefore, based on the decision of the Commonwealth Court in Abington, the entire resolution should fail and the prior level of compensation should remain in effect.

After reviewing the resolution in this case and comparing it with those in Abington, we cannot agree. "In short, the Abington School Board's resolutions would have the School District and a bank to be designated to perform the duties assigned to, and exercise the power conferred upon, local tax collectors by the Local Tax Collection Law." Abington School District v. Yost, supra, 40 Pa. Commw. at 320, 397 A.2d at 457.

The Twin Valley resolution, however, neither arrogates duties unto the school district nor commands that taxes be collected by someone other than the tax collector. It merely states that upon taking office the respective tax collectors would be requested to appoint a deputy. Unlike the Abington resolutions, this resolution is not void on its face as being impermissibly mandatory. We, therefore, are not persuaded that Abington controls in this instance.

Plaintiffs also argue that the entire resolution is void because the compensation provision is not severable. We note that plaintiffs themselves argue there is no apparent relationship among the paragraphs of the resolutions. We decline to declare the whole resolution void on its face on the basis that the provisions are not severable.

It now remains for this court to decide how the rate of compensation to be paid the tax collectors for the exiting term shall be determined. It is clear that the new rate of compensation must be approved by a decision of the court, based upon adequate findings of fact. The "Local Tax Collection Law" prohib-

its the school board from unilaterally resetting the compensation of tax collectors during their term of office.

We are not persuaded by plaintiffs' argument that the prior level of compensation should remain in effect. We do not think justice would best be served by such an order. The tax collectors have a right to be adequately compensated for performing the duties of their elected office; they do not have a right to be compensated at the prior rate, if indeed, that rate was excessive. The unilateral action of one tax collector, reducing his compensation, strongly suggests that the prior rate established by the board was excessive. We consider the old rate excessive and effectively abolished by the resolution establishing a new mode of compensation.

After a thorough review of the cases dealing with the fixing of compensation, we note the handling of the matter by the lower court in McKinley v. Luzerne Township School District, 18 Fayette L. J. 1, wherein the court stated:

"It will now rest with the school board to fix the collector's commission or compensation by a resolution not inconsistent with this adjudication. Our decree will enable us to retain control of the case and to modify the new resolution if . . . the ends of justice will be served thereby." McKinley at 6.

The lower court's decision was affirmed by the Supreme Court at 383 Pa. 289, 118 A.2d 137 (1955).

This disposition seems desirable for another reason. It is now almost four years since this resolution was passed. Defendant school board is faced with setting the compensation for the next term before February 15, 1981. We believe the facts necessary to establish a reasonable rate of compensation can best be found by the school board. Based on those findings, and the guidelines set out in this decree,

the school board shall set a reasonable rate of compensation and submit it to this court for approval. It is within the power of the school board to determine that different rates should be paid tax collectors based upon a variety of factors incident to each district. Slavich v. Conemaugh Valley School District, 39 Pa. Commw. 352, 395 A.2d 644 (1978).

## CONCLUSIONS OF LAW

1. The Board of School Directors has the statutory authority to set the rate of compensation for tax collectors.

2. Mailing tax notices, collecting tax monies, and depositing same are statutory duties of the tax collector that cannot be arrogated to another by the school board.

3. The power given to school boards is not unlimited, and the courts may and should intervene when it clearly appears that the school board abused its discretion.

4. The action of defendant school board in fixing the tax collectors' compensation at $.20 per bill constitutes an abuse of discretion which is subject to review and correction by the court.

## DECREE NISI

And now, November 14, 1980, it is ordered and decreed that:

1. The school board shall reconsider the matter of the tax collectors' compensation in a manner which is not inconsistent with this adjudication.

2. The school board shall submit to this court for its approval proposed rates of compensation which shall be determined by considering the following guidelines:

(a) Where the tax collector prepares and mails the bills, and collects and deposits the taxes.

(b) Where the tax collector prepares and mails the bills, and deputizes a bank to collect the taxes.

(c) When the tax collector requests the school district to prepare the bills, but the tax collector checks, stuffs and mails the bills and collects and deposits the taxes.

(d) Where the tax collector requests the school district to prepare the bills, the tax collector checks, stuffs and mails the bills, and deputizes a bank to collect the taxes.

(e) Where the tax collector requests the school district to prepare and mail the bills, and the tax collector collects and deposits the taxes.

(f) Where the tax collector requests the school district to prepare and mail the bills, and deputized a bank to collect the taxes.

3. By a further order of the court, compensation due the tax collectors shall be awarded based on the system of tax collection selected by the tax collector.

4. The resolution of this case would be aided if the court would receive the school board's findings within 45 days.

5. The school district shall pay the costs of this proceeding.

Exceptions shall be filed within 10 days after notice of the filing of this adjudication, otherwise this decree shall become absolute as of course.