Mike P. Slavich *v.* Conemaugh Valley School District, Appellant.

Argued May 1, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three. Reargued October 31, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, DISALLE and CRAIG. Judges BLATT and MACPHAIL did not participate.

*Ralph F. Kraft,* with him *Vasil Fisanick,* for appellant.

*S. R. DiFrancesco, Sr.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 20, 1978:

This is an appeal from a decree of the Court of Common Pleas of Cambria County which ordered the

Conemaugh Valley School District (appellant) to increase the rate of commission it had previously fixed for the tax collector (appellee) of Franklin Borough, one of five municipalities comprising the district. Having determined that the record fails to support the court's conclusion that the appellant abused its discretion in setting the rate of commission, we reverse.

The relevant facts are not in dispute. Following a county-wide tax reassessment of real estate, appellant's Board of Directors on August 15, 1972 adopted a resolution fixing the rate of compensation for the five municipal tax collectors which reduced the percentage of commission for all tax collectors by one half the former rate. The rate of compensation for four tax collectors was set at two and one-half per cent while the rate of compensation for the tax collector of Franklin Borough was set at one per cent. This rate followed a historical pattern, utilized since the formation of the school district in 1966, whereby the Franklin Borough tax collector was compensated at a percentage rate of commission roughly one half that of the tax collectors in the four other political subdivisions. This rate reflected the fact that the major property owner in Franklin Borough was a large steel company, namely Bethlehem Steel Corporation. Appellee was elected tax collector in Franklin Borough in the November 1973 general election.[1] Thereafter on November 19, 1973, appellee filed a complaint in equity challenging the reduction in the rate of commission and the failure of the appellant to set a uniform rate of

---

[1] Since we find that the rate of commission fixed by the appellant was not improper, we do not need to consider whether, if it were, nevertheless since appellee ran for and was elected to the office knowing the rate of commission previously fixed, it was too late to challenge it. *See Myers v. Newtown Township School District*, 396 Pa. 542, 153 A.2d 494 (1959).

commission for all tax collectors in the district. Stipulations were submitted to the trial court in lieu of testimony and in an opinion on December 16, 1976 the court concluded the appellant abused its discretion in reducing the appellee's commission. Specifically, the court concluded appellant acted arbitrarily and capriciously because assessment records reflected an "economic stagnation" in Franklin Borough and further that because Bethlehem Steel Corporation owned property throughout the district, tax collectors from other municipalities collected taxes from the district's primary taxpayer with the same degree of ease and certainty. Accordingly, the court ordered the appellant to pay appellee a commission rate of two per cent on all school taxes collected after January 1, 1974.[2]

Pursuant to the Local Tax Collection Law[3] the board of school directors is given the authority to set the rate of compensation for tax collectors. A court of equity may interfere with or limit this authority only where it is clearly shown that the school board has acted outside the scope of its authority or not in good faith. *See Kennedy v. Ringgold School District,* 10 Pa. Commonwealth Ct. 191, 309 A.2d 269 (1973). Where an abuse of discretion is alleged, Judge BLATT, speaking for this Court has stated:

> Only in those instances wherein arbitrariness, caprice and wrongdoing characterizes a board's act, [should] a court interfere. Short of that point is the line wherefrom 'discretion' extends. Arbitrariness and caprice must not be confused

---

[2] No explanation is given in the opinion for ordering appellant to pay appellee 2 per cent when the others are paid 2½ per cent and the court found their duties are the same.

[3] *See* Section 35 of the Act of May 25, 1945, P.L. 1050, *as amended,* and Section 36.1, added by Section 2 of the Act of May 16, 1951, P.L. 314, *as amended,* 72 P.S. §§5511.35, 5511.36a.

with bona fide differences of opinion and judgement. The former are indices of motivation and intention, while the latter by definition, concede proper motivation and intention and differ only as concerns methods and modes of achievement and realization.

*Dochenetz v. Bentworth School District,* 6 Pa. Commonwealth Ct. 173, 185 (1972).

Measured against this standard, we cannot agree with the trial court that the appellant school board crossed the line separating its lawfully mandated discretion from arbitrariness, caprice and wrongdoing. In setting the commission for tax collectors appellant sought to adequately compensate tax collectors for the work performed for the school district. Clearly, it is within the power of the school board, in the proper exercise of its legislative prerogative, to determine that different rates should be paid tax collectors based upon a variety of factors incident to each tax district. The fact that a trial court would have chosen another method which in its own mind would treat all tax collectors more equitably constitutes only a difference of opinion of the judgment exercised by a legislative body. Such a conclusion by the trial court would not support an ultimate legal conclusion that the decision of the school board was mere caprice or whim.

Moreover, the record before the court does not support the court's conclusion that the Franklin Borough tax collector was treated unfairly in the establishment of different rates of commission. Rather, the record discloses that this tax collector received either the largest or one of the largest total commissions of any tax collector through the 1971 to 1976 tax years; that Franklin Borough had the least number of tax items of record of all but one of the municipalities; that the Franklin tax collector has historically sent one bill,

received one payment and submitted one receipt for more than ninety per cent of the total of all tax monies received; and that despite the reduction in commission, the tax collector of Franklin Borough received total commissions of $7,632.35 in 1974, as compared with commissions of $7,555.16 in 1973. Clearly, these facts constituted a reasonable basis for the school board's decision in setting rates of commission.

Accordingly, we will enter the following

### ORDER

AND Now, December 20, 1978, the decree of the Court of Common Pleas of Cambria County at No. 11 December Term 1973—In Equity—dated December 16, 1975 is reversed, and the resolution of the Board of School Directors of the Conemaugh Valley School District, dated August 15, 1972, is hereby reinstated with respect to the rate of commission for the Franklin Township tax collector.

