Abington School District et al., Appellants *v.* William H. Yost et al., Appellees; Barbara McGarry, Abington Township Tax Collector & Treasurer, Intervenor.

Argued September 25, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three. Reargued December 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS, BLATT, DISALLE and CRAIG. Judges WILKINSON, JR. and MACPHAIL did not participate.

*Robert A. MacDonnell,* with him *Obermayer, Rebmann, Maxwell & Hippel,* for appellants.

*Mabel D. Sellers,* with her *Raymond Jenkins,* and *Jenkins, Tarquini & Jenkins,* for appellees, and amicus curiae, Montgomery County Tax Collectors' Association.

*Joseph L. Foley*, for intervenor.

OPINION BY JUDGE ROGERS, February 7, 1979:

This is the appeal of the Abington School District and its Board of Directors from a decree of the Court of Common Pleas of Montgomery County enjoining them from enforcing School Board resolutions assigning the responsibility for collecting school taxes to a bank and to School District employes and drastically reducing the salaries of local tax collectors.

Abington School District is a Second Class School District responsible for public education in Abington Township and the Borough of Rockledge. School taxes are collected in Abington Township by the township treasurer in his capacity as tax collector[1] and in Rockledge Borough by the borough tax collector. During the terms of these officers ending December 31, 1977, the school district paid the Abington Township treasurer an annual salary of $12,350, $5000 for expenses, and reimbursed him for postage and printing costs. It paid the Rockledge Borough tax collector an annual salary of $2300 and stood part of the premiums on his fidelity bond.

On January 11, 1977 the School Board adopted the following resolution:

> That the Board of School Directors establish a new fee for the office of the Abington Tax Collector of eight hundred ($800.00) dollars per year to cover his legal responsibilities, with the District itself carrying out the necessary work load as described.

At the same meeting the Board adopted a second resolution identical to that just reproduced, except that

---

[1] By Section 805 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, §805, *as amended*, 53 P.S. §55805.

the subject was the new fee of the tax collector Rockledge Borough, set at $200 a year.

By another resolution adopted on January 25, 1977 the Board supplied the description, referred to in the earlier resolution, of the work load of the Abington Township treasurer and the Rockledge Borough tax collector, as follows:

Resolved: That the Board of School Directors of the Abington School District, pursuant to its establishment of new compensation for the School District's Tax Collectors, instructs the Administration to notify the present Tax Collectors, and those who intend to stand for that office this year, that the new compensation approved by the Board of School Directors shall encompass the following tax collection system:

Preparation, updating and verification of the tax duplicate, mailing of tax bills, collection and auditing of tax receipts shall be performed by School District Personnel, using the School District's computer facilities and a bank 'lockbox' collection system wherein tax payments will be sent to a bank rather than to the Tax Collector. The Tax Collector shall not be required to maintain or staff an office for collection purposes, said function will be performed by School District Personnel. Auditing of the collection system shall be accomplished by School District Personnel and the School District's independent auditors; however, the School District will make all of its records available to the Tax Collector for his inspection and audit so as to allow said Tax Collector to make the certification and settlements required by law.

On February 3, 1977, the appellee William H. Yost,[2] who was the incumbent Abington Township treasurer and who intended to be a candidate for nomination and election to that office in the 1977 municipal election, filed his complaint in equity seeking an order declaring that he should not be deemed to have accepted the $800 salary proposed by the School Board; declaring void the School Board's resolution of January 25, 1977 with respect to the collection of school taxes; enjoining the enforcement of that resolution; and directing the School District to pay a salary to the treasurer during the ensuing term commensurate with the work, expense and responsibility of the office. William C. Hause, the incumbent tax collector of Rockledge Borough, who also intended to run for the office in 1977 and who, indeed, at the time of the hearing below had his nomination petitions on his person, and George L. Maxwell, a taxpayer of the School District, promptly sought and were allowed intervention as parties plaintiff. After an extended trial over several days, Judge Louis D. Stefan from the bench entered an adjudication and decree nisi enjoining the enforcement of the School Board resolutions of January 11, 1977 and January 25, 1977, and directing the School District to pay the Abington Township treasurer for his services as tax collector the sum of $15,000 per year, reimbursement of office expenses of $5000 and expenses of printing, postage and pro rata bond premium; and to pay the Rockledge Borough tax collector $3000 in salary, reimbursement for printing and postage and pro rata bond premium. Exceptions were filed and dismissed and the decree nisi made final.

[2] As it happened, Mr. Yost was defeated in the 1977 primary election by Barbara McGarry, who was elected Abington Township treasurer in the municipal election. On January 30, 1978, we allowed McGarry's intervention as a party appellee.

The School Board first says that none of the parties plaintiff, original or intervening, had sufficient interest in the matter to give them standing to sue. The test with respect to Messrs. Yost and Hause is whether they possessed a direct, substantial and immediate interest adversely affected by the School Board's resolutions, as explained in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *see also Borough of Valley-Hi Incorporation Case,* 33 Pa. Commonwealth Ct. 180, 381 A.2d 204 (1977). As incumbent tax collectors intending to seek new terms in an election, the mechanics of which was to begin within weeks after the School Board action, they clearly possessed a direct, substantial and immediate interest in the School Board's actions decimating the salaries and the responsibilities of the office. Further, in *Myers v. Newtown Township School District,* 396 Pa. 542, 153 A.2d 494 (1959), dealing directly with the subject matter of this case, the Supreme Court wrote that *unless* an aspiring tax collector objects to the school board's salary action before running for the office, he may never be in a position to do so. With respect to the standing of Maxwell, the taxpayer, it is well settled that a taxpayer has standing to sue to enjoin public officials from wrongfully or unlawfully expending public money, and that in such case he has no need to demonstrate any special interest which is damaged other than his interest as a taxpayer. *Mayer v. Hemphill,* 411 Pa. 1, 190 A.2d 444 (1963). The School Board resolution of January 25, 1977 proposes the expenditure of school board funds in the preparation and mailing of tax bills, the collection and auditing of tax receipts and the use of school district personnel and equipment in so doing. The plaintiffs say that the school district has no statutory authority to do these things, which are duties assigned by statute exclusive-

ly to local tax collectors. If the plaintiffs are correct, the expenditure by the school district of its funds for these purposes would be unlawful and properly enjoined at the suit of a taxpayer.

The appellants' alternative argument on this score is that Messrs. Yost and Hause lack standing because their remedy, if they did not like the salary fixed by the School Board and the latter's assumption of the duties of the office of tax collectors, was simply to abstain from running for reelection. This argument has, if possible, less merit than it has appeal. Its implication is that the power given to school boards to fix the salaries of tax collectors is not subject to review by the courts. To the contrary, each of the two leading cases on the precise subject hold that the power in question is discretionary, that it is not unlimited, and that the courts may and should intervene when it clearly appears that the school directors were guilty of a misapplication of law, or a clear abuse of discretion, or arbitrary and capricious action of any kind resulting in an unlawful expenditure of public funds. *Myers v. Newtown Township School District, supra; McKinley v. Luzerne Township School District*, 383 Pa. 289, 118 A.2d 137 (1955).

Section 36.1 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.36a, upon which the School Board depends as the source of its power to effect the changes in local tax collection described in its questioned resolutions, reads:

When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

The Local Tax Collection Law was adopted in 1945. Section 36.1 was added by the Act of May 16, 1951, P.L. 314. As persons familiar with local municipal affairs at that time know, the occasion for Section 36.1 was the fact that during this immediate post-war period school populations, and in consequence school taxes, were increasing at a very rapid rate. As a result many local tax collectors, whose compensation was fixed as a percentage of their tax collections, began suddenly to receive amounts of pay far in excess of what they had received in the past for much the same work and of what indeed was reasonable. It was, of course, the Legislature's intention that the amounts of compensation of tax collectors fixed by the local taxing districts pursuant to Section 36.1 should be reasonable. There is not the slightest indication that the Legislature intended that local taxing authorities should have the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections, already comprehensively provided for in the statutes. On this, the appellants' case fell below and must fall here.

Public school districts are creatures or agencies of the Legislature; they have no inherent powers of government; and the only powers, functions and duties they possess are those expressly or by necessary implication authorized by statute. *Barth v. Philadelphia School District*, 393 Pa. 557, 143 A.2d 909 (1958).

A review of the statutes discloses that the Legislature by the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq., has given some school boards the power to appoint collectors for school taxes where that office is vacant,[3] and the power to appoint collectors of delinquent taxes.[4] These powers, and the power to fix and

---

[3] Section 684, 24 P.S. §6-684.

[4] Section 686, 24 P.S. §6-686.

change compensation provided by the Local Tax Collection Act, are the extent of the authorized active involvement of school districts in local tax collection. For the rest, the collection of local taxes has been committed exclusively and in great detail to local elected tax collectors. Section 2 of the Local Tax Collection Law, 72 P.S. §5511.2, defines the term "tax collector" as used in that Act as including "every person duly elected or appointed to collect all taxes." It would unduly burden this opinion to refer to the detailed provisions of the Local Tax Collection Act setting out the duties of local tax collectors as so defined with respect to the billing, collection and receipting for taxes; the adjustment of duplicates; the collection of taxes by distress, attachment of wages and suit; the settlement of duplicates; and a myriad of other functions. In direct contradiction of the statute, the School Board's resolutions in this case provide that the School District, to the exclusion of the tax collector, will bill for and collect taxes, that a bank to be designated will receive taxes collected without intervention of the tax collector and that the School District will adjust tax duplicates. The resolutions are silent with respect to other duties imposed by statute on local tax collectors, including the important function of collecting taxes by attachment and distress; they do however, apparently to make assurances doubly sure, tell the tax collectors that they will have no need for a staff or office because they will have nothing to do. In short, the School Board's resolutions would have the School District and a bank to be designated perform the duties assigned to, and exercise the powers conferred upon, local tax collectors by the Local Tax Collection Law. This was a misapplication of law on the part of the appellants, which equity could and properly in this case did, correct.

Lest there be any doubt concerning the School Board's intentions, however well motivated, we record that the evidence demonstrates that the cost to the School District to collect the Abington Township school taxes alone, including a fee to the depository bank of several thousands of dollars, was in the neighborhood of $20,000, and that the $800 suggested as salary of the local tax collector was not meant to express the School Board's opinion of a reasonable salary for the work the tax collector had been doing in the past. Also, as the internal reference in the January 11, 1977 resolution demonstrates, the several resolutions were parts of one plan—that is, to place school tax collection in the hands of the School District and a bank. There may be something to be said for such a system on ground of economy and possibly efficiency; there may also be something to be said for the traditional separation at the local level of the functions of levying and collecting taxes. The choice of system, however, is that of the Legislature, not School Boards.

As we have noted, Judge STEFAN ordered that the salary of the treasurer of Abington Township be increased from $12,350 to $15,000, and that the salary of the Rockledge Borough tax collector be increased from $2300 to $3000. The chancellor made no findings of fact on this issue. A review of the record shows nothing supporting an increase except an expression by the Abington Township treasurer of a desire to increase the salaries of his small staff. We believe the record does not support an increase of salaries over those established by the School Board just prior to the adoption of the resolutions struck down in this case.

We modify the final order appealed from so as to reduce the amounts of annual salaries fixed therein to $12,350 for the treasurer of Abington Township

and $2300 for the tax collector of Rockledge Borough; as so modified, the final order is affirmed.

ORDER

AND NOW, this 7th day of February, 1979, the final order is modified so as to reduce the amounts fixed therein as the salaries of the tax collectors to $12,350 for the Treasurer of Abington Township and $2300 for the tax collector of Rockledge Borough; as so modified, it is affirmed.