## Bensalem Township School District v. Bucks County Tax Claim Bureau

*D. Donald Jamieson,* for plaintiff.
*Edward Rudolph,* for defendant.

GARB, *J.*, January 2, 1980—We decide this matter based upon a stipulation of facts as in the nature of a case stated. This is an action in assumpsit in which the question for disposition is whether the Bucks County Tax Claim Bureau may claim and retain its statutory commissions on delinquent taxes collected by the school district as a result of actions in assumpsit instituted and successfully prosecuted by the school district against the delinquent taxpayers.

The agreed upon facts establish that plaintiff is a municipal corporation in a school district of the second class while defendant is a statutory agency of the County of Bucks created under and pursuant to the authority of the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, art. I, sec. 101 et seq., 72 P.S. §5860.101 et seq. During the years 1974 and 1975 the Board of Directors of the Bensalem Township School District levied real estate taxes against a number of specified properties identified in the stipulation of facts by the property owner and tax parcel numbers. Tax bills for the aforesaid tax assessments were sent by the tax collector for the school district during the years 1974 and 1975 to each of those enumerated property owners but each of them failed and refused to pay the said taxes or any part thereof before they became delinquent. On or about May 3, 1976 said taxes were returned by the tax collector to the Bucks County Tax Claim Bureau.

Sometime in or about July, 1976 the school district instituted complaints in assumpsit against each of the enumerated property owners for failure to pay the aforesaid taxes and after appropriate proceedings obtained judgments against each said property owner. A number of the property owners against whom judgments had been secured paid

the amounts of the judgments to the Bucks County Tax Claim Bureau rather than to the school district. The total amount paid by these taxpayers was $83,212.94 which the Tax Claim Bureau remitted to the school district, retaining, therefrom however, the sum of $3,300.70 representing its alleged commissions and costs thereon. A number of other property owners against whom judgments had been secured paid those judgments directly to the school district in a total amount of $268,890.10. As a result of those payments made directly to the school district, the Tax Claim Bureau has claimed a sum total of $12,886.05 as its statutory commissions and costs. In order to recover those sums, the Tax Claim Bureau has deducted that amount from its remissions to the school district for other delinquent taxes collected by the Tax Claim Bureau. It is these two sums, specifically the sum of $12,886.05 and the sum of $3,300.70 which are sought by plaintiff.

There are two questions which must be answered. The first is whether the school district is authorized to collect its delinquent taxes by the use of actions in assumpsit. The second question is, even if the school district is so authorized and proceeds to do so, whether the Tax Claim Bureau is, notwithstanding, entitled to its statutory commissions and costs.

The first question involves the resolution of two separate statutes having to do with the collection of delinquent taxes. The Local Tax Collection Law of May 25, 1945, P.L. 1050, sec. 21, as re-enacted and amended by the Act of November 22, 1967, P.L. 536, sec. 1, 72 P.S. §5511.21(b), provides:

"In addition to all other remedies provided by this act, each taxing district shall have power to collect

unpaid taxes from the persons owing such taxes by suit in assumpsit or other appropriate remedy. To each judgment obtained for such taxes there shall be added a penalty of ten per centum together with costs of suit. . . . The right of each such taxing district to collect unpaid taxes under the provisions of this subsection shall not be affected by the fact that such taxes have been entered as liens in the office of the prothonotary, or the fact that the property against which they were levied has been returned to the county commissioners for taxes for prior years."

Defendant contends that this authority has been abrogated or repealed by implication by the Real Estate Tax Sale Law, heretofore cited.* Without belaboring the issue, that question was clearly, definitively and categorically laid to rest by our Supreme Court in Tremont Township School District v. Western Anthracite Coal Co., 364 Pa. 591, 596, 73 A. 2d 670 (1950). The same question was raised there and in deciding it the Supreme Court stated as follows:

"The fact of the matter is that nowhere does the Act of 1947 confer upon the Tax Claim Bureau power to enforce *by an action in assumpsit* the taxable's personal liability for delinquent taxes. However, that right *is* conferred upon the plaintiff school district by the School Code of May 18, 1911 [citation omitted] and by the Local Tax Collection Law of May 25, 1945, P.L. 1050, Sec. 21(b), 72 P.S. §5511.21(b), Pkt. Part. The appellant apparently confuses an action *in rem* to preserve a tax lien [citation omitted] and an action *in personam* under

---

*In spite of the fact that the Act of 1945 was reenacted by the Act of 1967.

the School Code of 1911, supra, and the Local Tax Collection Law of 1945, supra, to enforce the taxable's personal liability for delinquent taxes. The powers of the Tax Claim Bureau under the Act of 1947 are limited to the enforcement of the lien of the taxes (levied against lands) by sequestration or sale thereof. As the learned judge of the court below aptly observed, 'If the personal liability of the taxable may still be enforced by action in assumpsit, where the taxes have been returned under the Act of 1947, *only the taxing district* has statutory, authority to bring the action.' . . . With that conclusion, we fully agree. Nor are we able to see wherein such statutory authority has been minimized or impaired in any way by the Act of 1947." (Italics in original.)

In referring to section 312 of the Real Estate Tax Sale Law the Supreme Court stated that the right to sue in assumpsit by the school district after the statutory period of limitations had expired confirms the continued right of the taxing district to sue the taxable in assumpsit for unpaid taxes.

We will not address defendant's contention "*Tremont* is bad law." It is not our function to determine that it is either "bad" law or "good" law, but only that it is "the" law.

Abington School District v. Yost, 40 Pa. Commonwealth Ct. 312, 397 A. 2d 453 (1979), clearly does not affect our determination of this question. That case does not address the question in Tremont, does not overturn it, and in fact does not even mention it. The only question decided in that case was whether a school district may, by resolution, legislate a method of collection of taxes contrary to that which is permitted in the Local Tax Collection Law. The Commonwealth Court held that the school district may not.

The second question must likewise be decided favorably to plaintiff. Under the provisions of the latest amendment of the Real Estate Tax Sale Law of September 27, 1973, P.L. 265, sec. 2, 72 P.S. §5860.207(a), it is provided as follows:

"In order to reimburse the county for the actual costs and expenses of operating the bureau created by this act, the county shall receive and retain out of *all moneys collected or received under the provisions of this act,* five per centum (5%) thereof, which percentage shall be deducted by the bureau before paying over moneys to the respective taxing districts entitled thereto, and shall be paid into the county treasury for the use of the county. The reimbursement herein provided for shall be in addition to the costs, fees and expenses advanced by the county, which, upon recovery, are payable to the county as provided by the preceding section of this act." (Emphasis supplied.)

We believe that the touchstone in construing this section with regard to this question is found in the words "all moneys collected or received under the provisions of this act." Clearly the moneys collected and received by the Tax Claim Bureau was limited to the sum of $83,212.94 which was paid by those delinquent taxpayers against whom judgments had been secured who paid those judgments directly to the Tax Claim Bureau. Those are the only moneys collected by the bureau but they certainly were not collected under the provisions of the Real Estate Tax Sale Law. That law specifically provides that the bureau may collect delinquent taxes by sequestration of rents under section 401, by taking possession of the property under section 403 of the act and by selling the property at judicial sale under section 601. Clearly the moneys collected here were

not collected under the provisions of this act but rather under the provisions of the Act of 1945 whereby the school district sued in assumpsit. With regard to the larger sum of $256,921.15 which was recovered as a result of the suits in assumpsit, those sums were not even collected or received by the Tax Claim Bureau at all, but rather were paid directly to the school district by the judgment debtor property owners in default. In either case, we are satisfied that under the provisions of this act the Tax Claim Bureau was not entitled to any commissions from these sums whatever.

For the foregoing reasons we hereby enter a verdict in favor of plaintiff and against defendant in the sum of $16,931.47 plus interest.

## ORDER

And now, January 2, 1980, it is hereby ordered, directed and decreed that a verdict shall be entered in favor of plaintiff and against defendant in the sum of $16,931.47 plus interest at the rate of six percent. Costs are on defendant.