Elizabeth J. Means et al., Appellants *v*. Twin Valley School District et al., Appellees.

Argued April 2, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and COLINS, sitting as a panel of three.

272

*Frank Jenkins*, with him, *Raymond Jenkins*, *Mabel D. Sellers* and *George B. Ditter*, *Jenkins, Tarquini & Jenkins*, for appellants.

*Jon S. Malsnee*, with him, *James A. Stapleton*, *Edelman, O'Pake, Malsnee and Orwig, P.C.*, for appellees.

OPINION BY JUDGE COLINS, August 1, 1984:

This is an appeal by incumbent tax collectors (appellants)[1] from a decree of the Court of Common Pleas of Berks County which approved a resolution by the Twin Valley School Board (appellee) decreasing the rate of compensation previously paid to appellants.

The Twin Valley School District is a school district of the third class which includes four municipalities in Chester County and two in Berks County.

On January 17, 1977, the Board of School Directors adopted a resolution reducing the appellants' compensation to Twenty Cents ($.20) per tax bill.[2] Appellants commenced an equity action in the Court of Common Pleas of Chester County challenging the validity of this resolution. In their complaint, they alleged that the proposed remuneration was grossly inadequate for the duties and responsibilities involved in the collection of the school taxes, and that the resolution attempted to set up a tax collection system con-

[1] The appellants, Elizabeth Means and William Killian, served as tax collectors in the Twin Valley School District for the four-year term commencing January 1, 1978. Appellant, Catherine Stoltzfus, deceased, has been dropped as a party by stipulation. Appellants, G. Ronald Beaton and Mahlon Kurtz, either did not seek re-election or were not re-elected for the term January 1, 1978, and, therefore, are not entitled to any damages resulting from this action.

[2] Previously, the apppellants received a compensation rate based on Three Percent (3%) of all taxes collected up to the expiration of the "flat period" and five percent (5%) of all taxes collected during the penalty period.

trary to that provided by the State Legislature. The appellants requested the Court, *inter alia*, to declare the resolution null and void and to enjoin the appellee from enforcing this resolution. The Court denied the preliminary injunction. At the prayer of the appellee, this action was subsequently transferred to Berks County.

Judge WESNER of the Court of Common Pleas of Berks County heard testimony on this matter and determined that the resolution represented a capricious abuse of discretion and ordered the School Board to submit new proposed rates of compensation. New rates were adopted by the Board which provided for a minimum compensation of Twenty Cents ($.20) per bill to a maximum of One Dollar Twenty-Five Cents ($1.25) per bill, depending on the extent to which appellants delegated the responsibilities of their office to the School District or deputized a bank to collect taxes. Judge WESNER approved these rates. The appellants filed exceptions which were dismissed. This appeal followed.

The appellants first argue that since Judge WESNER found the rate of Twenty Cents ($.20) per bill to be so inadequate, as to constitute an arbitrary and capricious abuse of discretion, then the entire resolution is void. We disagree.

The appellants seek support for their position in the case of *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952). However, in that case, the resolution was declared void because (1) the resolution violated the tax uniformity clause of the Pennsylvania Constitution; and (2) the resolution violated the Enabling Act.

In the instant case, the proposed resolution neither violates the Pennsylvania Constitution nor the Enabling Act. The Court of Common Pleas merely found that in adopting the resolution, the appellees had es-

tablished an inadequate rate of compensation. This finding did not require that the entire resolution be declared void and of no effect. *See Pennsylvania Liquor Control Board Appeal,* 46 Pa. Commonwealth Ct. 490, 407 A.2d 83 (1979).

The appellants next argue that the appellees failed to comply with Section 36(a) of the Local Tax Collection Law.[3] We disagree.

Section 36(a) provides that:

> When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

The appellees, in the instant case, fully complied with the requirements of this section. On January 17, 1977, the appellees adopted a resolution establishing the rates of compensation for its tax collectors to take effect on January 1, 1978.

Finally, the appellants argue that the resolution is void because it was adopted as part of a plan by appellees to assume all their real tasks. Again, we must disagree.

In *Abington School District v. Yost,* 40 Pa. Commonwealth Ct. 312, 319, 397 A.2d 453, 456-7 (1979), we stated that "local taxing authorities should [not] have the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections. . . ." However, the resolution that was held to be void in *Yost* mandated that the School District and a bank (to be designated) would perform the duties assigned to, and exercise the powers conferred upon, the tax collectors.

---

[3] Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §5511.36a.

In the instant case, unlike *Yost,* the resolution does not mandate that any person or entity, other than the elected tax collectors, actually collect school taxes. The resolution solely requests the appellants to deputize a representative of an established institution. Pursuant to Section 22 of the Local Tax Collection Law,[4] appellants can "with the approval of a taxing district and his surety, deputize in writing one or more deputy tax collectors, who . . . shall be authorized to receive and collect any or all of the taxes in like manner and with like authority . . . ." as the appellants.

Accordingly, for the aforementioned reasons, we affirm.

ORDER

AND Now, August 1, 1984, the order of the Court of Common Pleas of Berks County, No. 1979-4557, dated August 8, 1983, is hereby affirmed.

---

[4] 72 P.S. §5511.22.