Curtis S. Mohn et al., Appellants *v.* Governor Mifflin School District et al., Appellees.

Chester A. Mohn, Jr. et al., Appellants *v.* Governor Mifflin School District et al., Appellees

338

Argued April 2, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and COLINS, sitting as a panel of three.

*Frank Jenkins*, with him, *Raymond Jenkins, Mabel D. Sellers* and *George B. Ditter, Jenkins, Tarquini & Jenkins*, for appellants.

*John M. Stott*, with him, *Robert K. Boland, Austin, Boland, Connor & Giorgi*, for appellees.

OPINION BY JUDGE COLINS, August 2, 1984:

The Governor Mifflin School District, by its School Board (appellees), enacted a resolution which drastically reduced the rate of compensation paid to its local tax collectors (appellants). The appellants commenced an action challenging this resolution in the

Court of Common Pleas of Berks County. After protracted litigation, the Court entered final decrees affirming the resolution. This appeal followed.

The Governor Mifflin School District is a duly constituted school district of the Commonwealth of Pennsylvania, comprising the townships of Cumru and Brecknock, and the Boroughs of Shillington, Kenhorst and Mohnton, with its principal administrative office in Shillington. The School Board is the duly constituted governing body of Governor Mifflin School District.

Prior to 1977, the Governor Mifflin School District paid to the tax collectors the sum of Two Dollars ($2.00) for each real estate tax bill and paid Fifty Cents ($.50) for each per capita tax bill collected. On January 10, 1977, the School Board adopted a resolution reducing this compensation to Ten Cents ($.10) per tax bill collected for the term of office beginning January 1, 1978. In conjunction with this reduction in compensation, the School Board's resolution proposed a scheme whereby the appellants would deputize a bank, selected by the School District, to serve as the actual collector of taxes, while the School Board would assume the burden of preparing and mailing tax bills.

On March 4, 1977, the appellants filed a Complaint in Equity seeking an injunction against the appellees to enjoin them from enforcing the above resolution. A preliminary hearing was held on March 10, 1977, at which time the injunction was denied.[1] On June 1, 1979, the appellants filed a motion for summary judgment. This matter was argued and denied in July of 1979. On September 9, 1980, a hearing was held before the Honorable GRANT E. WESNER of Berks County.

---

[1] Three of the four appellants either did not run for office, or resigned after taking office and were replaced. The only remaining appellant is Curtis S. Mohn.

Judge WESNER, in an adjudication dated November 14, 1980, found the fixing of the Ten Cent ($.10) rate to be a capricious abuse of discretion and the plan of the School Board to take over the tax billing process to be *ultra vires*. Judge WESNER also ordered that the School Board submit new proposed rates of compensation. The School Board's new Resolution set a sliding scale of compensation awarding greater compensation to appellants who appointed a deputy to collect taxes than to appellants who collected the taxes themselves. Judge WESNER again ordered the Board to submit a new proposed rate of compensation. Judge WESNER approved this rate, which provided as follows:

| | Property | Per Capita |
|---|---|---|
| OPTION 1: Tax collector prepares, and mails the bills, and collects and deposits the taxes. | $ .85 | $ .50 |
| OPTION 2: Tax collector mails the bills and collects and deposits the taxes. | .75 | .46 |
| OPTION 3: Tax collector collects and deposits the taxes. | .65 | .43 |
| OPTION 4: The tax collector requests the School District to prepare and mail the bills; deputizes a bank to collect the taxes. | .60 | .40 |

It is from this determination that the appellants now appeal.

A second equity action was commenced following the adoption of the second Resolution by the appellees,

establishing a sliding scale of compensation with greater amounts paid to those appellants who appointed a deputy. This appeal was consolidated with the first equity action by stipulation.

The appellants argue that if the School Board's Resolution initially reducing their compensation to Ten Cents ($.10) per tax bill, was a capricious abuse of discretion, then the entire Resolution is void, since the Resolution is inseparably connected with and dependent upon the above invalid provision. Furthermore, they contend that the resolution sets up a scheme that is *ultra vires* and in contravention of the Enabling Act.

The appellants seek support for their position in the case of *Allentown School District Mercantile Tax,* 370 Pa. 161, 87 A.2d 480 (1952). In *Allentown,* the Supreme Court stated that:

> [N]either municipalities nor school districts are sovereigns; they have no original or fundamental power of legislation or of taxation. They have the right and power to enact only those legislative and tax ordinances or resolutions which are authorized by an Act of the legislature; and if such ordinance or resolution is unauthorized or conflicts with the enabling statute or with some of its provisions it is in that respect or to that extent void.

*Id.* at 171, 87 A.2d at 484.

However, the finding that the Resolution in *Allentown* was invalid, in its entirety, was based upon the following: (1) that the Resolution violated the Tax Uniformity Clause of the Pennsylvania Constitution; and (2) that the Resolution violated a specific prohibition in the Enabling Act, and was, therefore, void.

In the instant case, the Resolution neither violates the Constitution, nor a specific prohibition of the Enabling Act.

Paragraph 1 of the Resolution of January, 1977, states that

   1. [T]he compensation for all elected tax collectors collecting taxes for the Governor Mifflin School District shall be determined by multiplying the number of real estate tax notices and per capita resident tax notices by Ten Cents.

Section 36.1 of the Local Tax Collection Law[2] provides that

[W]hen any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

Judge WESNER found that the Ten Cent ($.10) rate, adopted January 10, 1977, was a capricious abuse of discretion and retained jurisdiction of this case for all purposes to give complete relief.[3] In addition, Judge WESNER set forth guidelines for the School Board to follow in setting a new rate, which he later approved.

Paragraph 2 states that

   2. [T]he Governor Mifflin School District will calculate, prepare and mail all tax notices.

The Local Tax Collection Law provides that:

[W]hen any duplicate of taxes assessed is issued and delivered by any taxing district to the tax collector, he shall within thirty days after receiving the duplicate . . . notify every

---

[2] Act of May 25, 1945, P.L. 1050, as amended, 72 P.S. §5511.36 (a).

[3] "Once equity obtains jurisdiction, that jurisdiction continues until all issues raised have been determined." McGovern v. Spear, 463 Pa. 269, 272-73, 344 A.2d 826, 829 (1975).

taxable whose name appears on such duplicate.
. . . Such notice shall be mailed or delivered to
the last known post office address of each of
said taxables.[4]

Although the Local Tax Collection Law gives this
duty to the appellant tax collectors, it may be assigned
by the tax collector to a deputy. *See* 72 P.S. §5511.22.
Paragraph 3 states that

[A]ll elected collectors may appoint the ap-
proved district as their deputy collector. . . .

The Local Tax Collection Law provides that:

A tax collector may, with the approval of a
taxing district and his surety, deputize in writ-
ing one or more deputy tax collectors, who,
when so deputized, shall be authorized to re-
ceive and collect any or all of the taxes in like
manner and with like authority as the tax col-
lector appointing them.[5]

This Court has previously held that a School
Board's resolution is void if it provides that the
School District, to the exclusion of the tax collector,
will bill for and collect taxes and that a bank to be
designated will recieve taxes collected without inter-
vention of the tax collector. *Abington School District
v. Yost,* 40 Pa. Commonwealth Ct. 312, 397 A.2d 453
(1979). In the instant case, the final proposed rates
upheld by Judge WESNER of the Court of Common
Pleas of Berks County, did not make the appointment
of a deputy mandatory, nor did it intend to totally
eliminate the position of tax collector.

Judge KRAMER speaking for this Court has pre-
viously stated:

Only in those instances wherein arbitrar-
ness, caprice and wrongdoing characterizes a
board's act, [should] a court interfere. Short

---

[4] 72 P.S. §5511.6.
[5] 72 P.S. §5511.22.

of that point is the line wherefrom "discretion" extends. Arbitrariness and caprice must not be confused with bona fide differences of opinion and judgment. The former are indices of motivation and intention, while the latter by definition, concede proper motivation and intention and differ only as concerns methods and modes of achievement and realization. *Slavich v. Conemaugh Valley School District,* 39 Pa. Commonwealth Ct. 352, 355-6, 395 A.2d 644, 646 (1978) (quoting *Dochenetz v. Bentworth School District,* 6 Pa. Commonwealth Ct. 173, 185 (1972)).

We feel that the School Board has not crossed the line separating its lawful mandated discretion from arbitrariness, caprice and wrongdoing.

Accordingly, we affirm.

ORDER IN 2194 C.D. 1982

AND Now, August 2, 1984, the decree of the Court of Common Pleas of Berks County, dated January 22, 1982, No. 4248, Equity Docket 1977, is hereby affirmed.

ORDER IN 2308 C.D. 1982

AND Now, August 2, 1984, the Order of the Court of Common Pleas of Berks County, dated August 9, 1982, No. 4848 Equity, 1981, is hereby affirmed.