Diane TELLY, Suzanne Clarke, Jennifer Crocus, Susan Paff, Judith Patton, Kathleen Percetti, Patricia H. Siwert, and Sue Snyder

v.

**PENNRIDGE SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS.**

Sherry Labs, Denise Betts, Nancy Jones, Carol Scarborough, Kari Williams Tysinski, Dorothy Campana, and John P. Mohan

v.

**Central Bucks School District Board of School Directors.**

**Appeal of: Pennridge School District Board of School Directors and Central Bucks School District Board of School Directors.**

Commonwealth Court of Pennsylvania.

Argued March 15, 2010.

Decided May 24, 2010.

Howard L. Kelin, Lancaster, for appellants.

John B. Rice, Perkasie, for appellee New Britain Township.

Michael J. Savona, Jenkintown, for appellees Diane Telly et al. and Sherry Labs et al.

Stuart L. Knade, Mechanicsburg, for amicus curiae Pa. School Boards Assn.

Thomas E. Panzer, Doylestown, for amicus curiae Pa. State Tax Collectors Assn.

BEFORE: COHN JUBELIRER, Judge, McCULLOUGH, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Pennridge School District Board of School Directors (Pennridge) and Central Bucks School District Board of School Directors (Central Bucks)(Collectively,

School Districts) appeal from the order of the Court of Common Pleas of Bucks County (trial court) which declared void and invalid Pennridge's "Resolution Establishing Tax Collector Compensation, Procedures, and Rules" and Central Bucks' "Procedures for Collecting School Taxes and Remuneration" (Resolutions) and enjoined the School Districts from implementing the aforesaid Resolutions pending further order of the trial court. The trial court further stated that the enabling Resolutions in force prior to the Resolutions questioned here, shall continue in full force and effect until further order of the trial court. The Pennridge Tax Collectors are Diane Telly, Suzanne Clarke, Jennifer Crocus, Susan Paff, Judith Patton, Kathleen Percetti, Patricia H. Siwert, and Sue Snyder (Pennridge Tax Collectors). The Central Bucks Tax Collectors are Sherry Labs, Denise Betts, Dorothy Campana, Nancy Jones, John P. Mohan, Carol Scarborough, and Kari Williams Tysinski. (Central Bucks Tax Collectors) (Collectively, Tax Collectors). We reverse the decision of the trial court.

The Tax Collectors collect taxes for the School Districts, the County of Bucks and for their respective municipalities. On February 7, 2009, Pennridge passed a resolution which reduced the compensation rate for its tax collectors by 69%. On February 10, 2009, Central Bucks passed a resolution which reduced the compensation rate for its tax collectors by 79%. The Resolutions established the compensation for the Pennridge Tax Collectors for the period of 2010 through 2013 at $.70 per tax bill, the compensation for the Central Bucks Tax Collectors for the period of 2010–2011 was set at $.72 per tax bill, for 2011–2012 at $.81 per tax bill, for 2012–2013 at $.91 per tax bill and for 2013–2014 at $1.01 per tax bill.

The Central Bucks Resolution states in pertinent part as follows:

8. Remuneration for all required services shall be made to the tax collectors as follows:

| Year | Bill Collected or liened |
|------|--------------------------|
| 2010-2011 | $0.72 |
| 2011-2012 | $0.81 |
| 2012-2013 | $0.91 |
| 2013-2014 | $1.01 |

\* \* \*

Locally elected tax collectors shall be given the option under this resolution to appoint a School District designated collector as the tax collector.

\* \* \*

13. The Board strongly encourages all collectors to appoint a deputy tax collector to cover the entire term of this resolution.

14. The intent of the resolution is to implement adequate controls over revenues and to establish appropriate procedures to assure the timely transmittal of cash receipts to the District.

Central Bucks Resolution, R.R. at 778a. The Pennridge Resolution states the following:

1. Per–Bill Compensation Rate. Starting January 1, 2010 and thereafter until changed, if an elected tax collector elects to collect school real estate taxes, the school district will pay compensation to the elected tax collector at the rate of $0.70 per tax bill—for each tax bill with respect to which the tax collector has collected. . . .

\* \* \*

3. Tax Collector Option to Disclaim. Elected tax collectors have the option of disclaiming responsibility for collection of school taxes, thereby allowing direct collection by the school district. If an elected tax collector disclaims, the tax collector will have no responsibility with

respect to school taxes, and therefore no compensation will be paid to the tax collector. The disclaimer by an elected tax collector shall be on a form provided by the school district and must be signed and delivered to the school district by November 30 of the year in which the tax collector is elected. If there is no elected tax collector in a particular municipality and the municipality appoints a person to fill the vacancy and serve as tax collector, the deadline for signature and delivery of the disclaimer by the appointed tax collector is 30 days after appointment.

Pennridge Resolution, R.R. at 650a.

On May 6, 2009, the Tax Collectors filed separate complaints and petitions for preliminary injunctions with the trial court, seeking to enjoin implementation of the Resolutions adopted by the School Districts. The Tax Collectors contended that they could not provide the statutorily mandated services at the rates of compensation set by the School Districts and therefore sought to enjoin and set aside the Resolutions adopted by the School Districts. The School Districts filed answers and new matter on May 27, 2009 and the two cases were consolidated by order of June 1, 2009.

In July and August of 2009, hearings were held and the motions of Warrington Township and New Britain Township to intervene were granted. A Tax Collector from Hilltown Township, Diane Telly, testified regarding her position. She stated that during the 26–week period of July 1 through December 31 of each year, she spends approximately 32 hours a week collecting real estate taxes levied by Pennridge. Telly stated that she spends roughly one-third of that time processing tax bills and depositing tax payments and two-thirds of that time handling the accounting aspects of tax collection and providing customer service to taxpayers. Telly further stated that she could not collect the taxes at the new, reduced compensation rate. R.R. at 324a.

The School Districts passed the Resolutions which lowered the compensation rate in an attempt to have the Tax Collectors quit, pursuant to advice given at a meeting. The School Districts intended to either initiate a "lockbox" system with a bank or to hire an outside taxing agency, Berkheimer Tax Administrator, Inc. (Berkheimer), in order to collect the taxes in a more affordable and technologically current manner. The use of these systems would not require substantial staff time, which staff would only be needed to provide customer service to taxpayers.

Pennridge determined that it would not need additional staffing if its elected tax collectors were to stop collecting taxes and the District were to use a lockbox system. Pennridge had its Business Administrator, Robert W. Reinhart, issue a request for proposals to financial institutions for lockbox services, which resulted in five responses proposing a range of tax collection costs between $0.48 and $1.26 per bill. Based upon the lowest proposal of $0.48, Reinhart prepared a cost-savings analysis dated January 13, 2009. Such analysis determined that Pennridge would save $50,088.00 per year upon implementation of the lockbox system. R.R. at 709a–712a. Pennridge, in its Resolution, adopted the second lowest rate received by the banks, $0.70 per bill starting in 2010.

Central Bucks Business Administrator, David W. Matyas, proposed to reduce tax collector compensation based on the lower cost to Central Bucks of collecting taxes through a commercial tax collection agency. Matyas made a formal presentation before the Central Bucks Finance Committee and later the entire school board, estimating savings in excess of $100,000.00

per year, based on costs charged by Berkheimer to collect Central Bucks' real estate tax if the Tax Collectors declined to collect taxes at the compensation rate set by the school board. The Central Bucks Resolution set the tax collector compensation starting at $0.72 per tax bill for the 2010–11 school year and increasing each year as mentioned previously, this was based on the amount of compensation Central Bucks would pay Berkheimer to collect taxes.

The School Districts were looking to cut costs in order to meet their budgets. Among other things, the School Districts also eliminated some teacher positions, educational aide positions, imposed teacher hiring and spending freezes. The School Districts also eliminated and combined some bus routes.

The trial court made 275 findings of fact and determined that the standards utilized by the School Districts were arbitrary, as the School Districts were basing the new compensation rates upon what a bank and a tax collection agency had offered the School Districts to perform the collection services.[1] The trial court determined that the standard for setting the fees and compensation to be paid the Tax Collectors should not be that set by outside entities, but "that the legislature intended the School Districts to set the rates of compensation for the Tax Collectors by a standard of what a reasonably effective and efficient elected tax collector requires to perform the traditional and accepted services preformed in the tax collection by elected tax collectors." Trial Court Opinion at 8.

On October 9, 2009, the trial court ordered the Resolutions "void and invalid" and enjoined implementation of both Resolutions. The trial court further ordered the reinstatement of the prior tax collector compensation rates of $2.25 per bill in Pennridge and $3.50 per bill in Central Bucks. The School Districts now appeal to this court.[2]

The School Districts contend that the trial court erred in determining that the Local Tax Collection Law (Tax Law), Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §§ 5511.1–5511.42, requires a school board to set compensation rates for elected tax collectors based on the compensation rates other school districts pay their elected tax collectors, in determining that the School Districts were arbitrary and capricious in reducing compensation rates for their elected tax collectors where, motivated by the desire to save taxpayer dollars, they based compensation decisions on what it would cost the School Districts to collect taxes utilizing modern, cost-efficient technology not used by the elected tax collectors, and in making findings of fact that are not supported by substantial evidence.

Pursuant to the Tax Law, elected tax collectors are required to collect all taxes levied by taxing authorities except those taxes levied and assessed pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924. Among the taxes collected by the elected tax collectors are real estate taxes typically levied by counties, local municipalities and school districts. Section 2 of the Tax Law, 72 P.S. § 5511.2. The

---

1. The trial court determined that such services offered were not the complete services that the Tax Collectors were obligated to provide.

2. Our review of the grant or denial of a final or permanent injunction is whether the trial court committed an error of law. *Boyle v.*

*Pennsylvania Interscholastic Athletic Association, Inc.,* 676 A.2d 695, 699 (Pa.Cmwlth. 1996). Thus, the standard of review for a question of law is plenary. *Penn Square Gen. Corp. v. County of Lancaster,* 936 A.2d 158, 167 (Pa.Cmwlth.2007).

compensation paid to the elected tax collectors in boroughs and second class townships is not determined by the Tax Law. Rather, the Tax Law provides that compensation for the tax collectors in counties, boroughs and second class townships with at least three thousand residents, be determined by the respective taxing authorities. Section 35 of the Tax Law, 72 P.S. § 5511.35(a)(1). Such compensation for collection of school district taxes is determined by the board of school directors pursuant to 72 P.S. § 5511.35(a)(3). Section 36.1 of the Tax Law, added by Section 2 of the Act of May 16, 1951, P.L. 314, *as amended,* 72 P.S. § 5511.36a, grants school districts, as well as municipalities and counties, the option to adjust compensation of elected tax collectors once every four years.[3] In doing so, a taxing entity must act before February 15 of the year in which a tax collector runs for election to a new four-year term.

■ There is little guidance to taxing districts within the statute regarding how much compensation is fair and/or reasonable. Further, neither the Tax Law nor the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702, provide a remedy for either a school board's failure to pay compensation to an elected tax collector or its adoption of a compensation rate that is grossly unreasonable. The elected tax collector is dependent on the discretion of the school board to receive a reasonable rate of compensation for undertaking the obligations imposed by the Tax Law.

Despite the established scheme of tax collection provided by the Tax Law, school boards in Pennsylvania have made repeated attempts to depart from the legislatively mandated scheme and devise means to collect school taxes themselves by using their authority to determine the rate of compensation for the elected tax collectors.

This court has recognized that school boards have very broad discretion in setting tax collector compensation rates and has only overruled such decisions where plaintiffs have met their burden of establishing that a school board acted beyond its lawful purpose, as in *Abington School District v. Yost,* 40 Pa.Cmwlth. 312, 397 A.2d 453 (1979) (where the school board expressly prohibited elected tax collectors from collecting taxes) and in *Penn–Delco School District v. Schukraft,* 95 Pa. Cmwlth. 619, 506 A.2d 956 (1986) (where the school board voted without any reasoning to pay tax collectors $1 per year). However, where the elected tax collectors merely disagree with the school board's decision and are dissatisfied with the amount of compensation offered, but have failed to establish any bad motive or ill-intent by the school board, this court has upheld the school board's decision. *Hollidaysburg Area School District Tax Collectors v. Hollidaysburg Area School District,* 660 A.2d 245 (Pa.Cmwlth.), *allocator denied,* 543 Pa. 698, 670 A.2d 144 (1995); *Means v. Twin Valley School District,* 84 Pa.Cmwlth. 271, 479 A.2d 663 (1984) (the resolution did not mandate that any person or entity, other than the elected tax collectors, actually collect school taxes); and *Mohn v. Governor Mifflin School District,* 84 Pa.Cmwlth. 337, 479 A.2d 1158 (1984) (resolution did not make the appointment of a deputy mandatory, nor did it intend to totally eliminate the position of tax collector).

---

**3.** 72 P.S. § 5511.36a reads as follows:

When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

In *Yost*, the school district in its resolution sought to force its elected tax collectors to relinquish their obligation to collect school taxes and was found to have clearly exceeded its authority. This court upheld the system the Legislature set forth in the Tax Law, as the preferred scheme of tax collection through elected tax collectors, stating that the taxing authorities may not use their ability to set compensation for tax collectors as a means to reform that system:

It was, of course, the Legislature's intention that the amounts of compensation of tax collectors fixed by the local taxing districts pursuant to Section 36.1 [now 72 P.S. § 5511.36a] should be reasonable. There is not the slightest indication that the Legislature intended that local taxing authorities should have the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections, already comprehensively provided for in the statutes.

\* \* \*

There may be something to be said for [the alternate system of collection adopted by the school board] on the ground of economy and possibly efficiency; there may also be something to be said for the traditional separation at the local level of the functions of levying and collecting taxes. The choice of system, however, is that of the Legislature, not School Boards.

*Id.*, 397 A.2d at 456–457.

Thereafter, school districts began providing incentives to tax collectors to relinquish tax collection duties to the districts by appointing the school districts as deputy tax collectors. Since the Tax Law explicitly permits an elected tax collector to appoint a deputy, this court did not invalidate these acts. Thus, school districts began to take over tax collection through this deputization process. *See*, *Means* and *Mohn*.

In the present controversy, both Tax Collectors and the School Districts rely on *Hollidaysburg*. In *Hollidaysburg*, the school district adopted a resolution setting a new rate of compensation for its tax collectors which was a reduction of 70%. The tax collectors commenced an action in equity seeking to enjoin and set aside the resolution as an arbitrary and capricious abuse of discretion. The tax collectors testified that the new rate of compensation did not adequately compensate them for the duties performed. The school district moved for compulsory nonsuit, stating that the tax collectors did not establish a right to relief. The trial court granted the school district's motion. The tax collectors appealed to this court.

This court affirmed the trial court stating in pertinent part as follows:

Arbitrariness and caprice must not be confused with bona fide differences of opinion and judgment. The former are indices of motivation and intention, while the later, by definition, concede proper motivation and intention and differ only as concerns methods and modes of achievement and realization.

\* \* \*

Having reviewed the record, we conclude that Common Pleas properly entered the compulsory nonsuit. The Collectors presented testimony regarding their duties, the time spent performing these duties, their current compensation, and how they would be affected by the new rate of compensation. Their testimony established that the new rate of compensation would be financially detrimental to them, **but it did not establish bad faith or lack of authority on the part of the District. The Collectors did not present evidence that the Dis-**

**trict acted with improper motive or intent.** The Collectors established nothing more than that they and the District differ with regard to what is considered adequate compensation for the job.

*Id.,* 660 A.2d at 247. (Emphasis added).

The Tax Collectors contend that the present controversy is distinguishable from *Hollidaysburg.* The Tax Collectors state that they did establish bad faith and that the School District acted with an improper motive or intent: that of intentionally decreasing Tax Collector pay in order to cause the Tax Collectors to exercise their option of disclaiming their obligations under the Tax Law, so that the School Districts could impose a lockbox system or hire an independent tax collection agency in their place at a lower cost.

A review of the record reveals that there is nothing in the Resolutions that require the Tax Collectors to forego the collection of real estate taxes, albeit at the reduced rate. The School Districts made such determinations to reduce the compensation rates based upon studies they conducted in the interest of saving costs and preserving dollars for educational programs. Bad faith was not established. In fact, the School District presented testimony and evidence which established a well thought out plan to reduce the School Districts' costs in collecting taxes in order to keep the School Districts' taxes from being raised. The School Districts even set forth other actions that they had taken to reduce costs in order to meet their budgets.[4]

Further, the Tax Collectors are not required in the Resolutions to deputize others to collect taxes, but they may do so pursuant to the Tax Law, 72 P.S. § 5511.22. The School Districts suggesting such was not improper. They did not require the Tax Collectors to stop collecting taxes; they merely reduced their compensation rate and suggested to them an option out.

■ We note, however, that the provision in the Pennridge Resolution giving the elected tax collectors the option of disclaiming their responsibility for collecting school taxes is void. The Pennridge Resolution states that "[i]f an elected tax collector disclaims, the tax collector will have no responsibility with respect to school taxes...." Pennridge Resolution, R.R. at 650a. Section 22 of the Tax Law provides that:

A tax collector may, with the approval of a taxing district and his surety, deputize in writing one or more deputy tax collectors, who, when so deputized, shall be authorized to receive and collect any or all of the taxes in like manner and with like authority as the tax collector appointing them. **Any tax collector, appointing any deputy collector, shall be responsible for and account to the taxing district for all taxes received or collected by his deputy.**

72 P.S. § 5511.22. (Emphasis added). Thus, such disclaimer would be in violation of the Tax Law and void.

In the case of *Allentown School District Mercantile Tax,* 370 Pa. 161, 87 A.2d 480 (1952), the Supreme Court stated that:

[N]either municipalities nor school districts are sovereigns; they have no original or fundamental power of legislation or of taxation. They have the right and power to enact only those legislative and

---

4. The School Districts set forth that meetings were held to discuss options for keeping taxes and costs down in relation to their budgets. The School Districts conducted studies, gathered information and held public meetings. Ultimately, the School Districts had to eliminate some teacher positions, eliminate some educational aide positions, impose a teacher hiring and spending freeze and eliminate and combine some school bus routes.

tax ordinances or resolutions which are authorized by an Act of the legislature; **and if such ordinance or resolution is unauthorized or conflicts with the enabling statute or with some of its provisions it is in that respect or to that extent void.**

*Id.* at 171, 87 A.2d at 484 (Emphasis added). Thus, although the disclaimer provision violates the Tax Law, the entire Pennridge Resolution is not void. The disclaimer provision is void, but the other provisions of the Resolution are valid.

School districts have broad discretion in establishing compensation rates for elected tax collectors. However, the trial court in this case established its own standard in stating that the school boards must compensate elected tax collectors based upon what other school districts pay their elected tax collectors. It does not matter that a school board bases its compensation rates for elected tax collectors on whether taxes are collected through a bank lockbox system, so long as the elected tax collectors are not deprived of the option to collect taxes at the new rates. *Mohn,* 479 A.2d at 1161. The trial court misapplied the rule of law and erred in utilizing its own test.

■ The Tax Collectors did not meet their burden of proving that the School Districts actions were arbitrary and capricious. The record reflects that the School Districts addressed the issue of tax collector compensation at five public meetings and received substantial analysis and input regarding the issue from their respective business administrators, elected tax collectors and citizens. The School Districts opted to establish compensation rates based on the amount of cost to the School Districts to collect real estate taxes utilizing modern, cost-efficient technology. Such action was not arbitrary or capricious.[5] Thus, the trial court's decision is reversed, as the Resolutions adopted by the School Districts were proper.

Accordingly, we reverse the decision of the trial court.

### *ORDER*

AND NOW, this 24th day of May, 2010 the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed.

---

5. The testimony by the Tax Collectors regarding their services is irrelevant to the issue of whether the School Districts acted arbitrarily, as in *Hollidaysburg* where this court concluded that testimony by tax collectors "regarding their duties, the time spent performing these duties, their current compensation, and how they would be affected by the new rate of compensation" was irrelevant. *Id.* at 247.