**HOLLIDAYSBURG AREA SCHOOL DISTRICT TAX COLLECTORS Lynn Johnston, Harry Hileman, Ellen Matthews, Emily Padamonsky, Maxine Slagle and Rickey Ritchey, Appellants,**

v.

**HOLLIDAYSBURG AREA SCHOOL DISTRICT and Hollidaysburg Area School Board.**

Commonwealth Court of Pennsylvania.

Argued March 15, 1995.

Decided June 15, 1995.

*Review,* 110 Pa.Commonwealth Ct. 384, 532 A.2d    535 (1987).

R. Thomas Forr, Jr., for appellants.

J. Michael Dorezas, for appellees.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and NEWMAN, JJ.

COLINS, President Judge.

Six elected tax collectors for the Hollidaysburg Area School District (the Collectors) appeal from the April 6, 1993 order of the Court of Common Pleas of Blair County (Common Pleas) denying their post-trial motion to remove a nonsuit entered in favor of the Hollidaysburg Area School District and the Hollidaysburg Area School Board (collectively, the District).

On January 20, 1993, the District adopted a resolution setting a new rate of compensation for its tax collectors for the years 1994–1997. By letter, the District's business manager informed the tax collectors that their compensation would be $1,000 per year for office expenses and $1.15 for each real estate and per capita tax bill collected and for each approved per capita tax exoneration. Each of the Collectors filed a petition for reelection and attached to that petition a statement indicating that he or she did not assent to or accept the new rate of compensation.

The Collectors commenced this action in equity on March 9, 1993, seeking to enjoin and set aside the District's January 20, 1993 resolution because it was "an arbitrary and capricious abuse of discretion." The Collectors alleged that the new rate of compensation did not adequately compensate them for the duties performed and that it "amount[ed] to economic coercion by reducing the average compensation paid per tax bill by a three-fold multiple." The District's answer alleged "that the average compensation paid for each per capita tax bill collected was increased." At the March 19, 1993 trial, the Collectors testified that according to the District's calculations the present rate of $4.86 per tax bill would be reduced to $1.15 per tax bill. That figure would increase to $1.51 per tax bill if their reimbursement for office expenses and the District's payment of social security and Medicare taxes are included. The Collectors testified that their compensation would be reduced by 70%.

At the close of the Collector's case, the District moved for compulsory nonsuit pursuant to Pa.R.C.P. No. 230.1, which provides that a nonsuit may be entered at the close of a plaintiff's case before evidence has been introduced on the defendant's behalf, if the plaintiff has not established a right to relief. Common Pleas granted the motion for nonsuit, stating that the Collectors had failed to present "sufficient proof for [it] to make a determination as to whether the compensation is adequate or inadequate for the services rendered. It cannot be up to the Court to determine that ... the compensation proposed ... would be so inadequate as to render the action of the school board a capricious abuse of discretion...." The Collectors appealed to this Court after Common Pleas denied their motion for post-trial relief.

■ The Collectors argue first, that Common Pleas erred when it entered the nonsuit, because they presented sufficient evidence to establish that the new rate of compensation is arbitrary and capricious.

This court's scope of review in an appeal from a trial court's denial of a motion to remove a compulsory nonsuit and to grant a new trial is limited to determining whether the trial court abused its discretion or committed an error of law.

... A motion for a compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence. A judgment of nonsuit can be entered only in clear cases, and a plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict from the evidence must be resolved in the plaintiff's favor.

*Robinson v. City of Philadelphia*, 149 Pa.Commonwealth Ct. 163, 167, 612 A.2d 630, 632–33 (1992) (citations omitted). The Local Tax Collection Law (Law), Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §§ 5511.1–5511.42, authorizes a school district's board of school directors to set the rate of compensation for its tax collectors. Section 36.1 of the Law, 72 P.S. § 5511.36a,

provides that when a school district changes the rate of compensation, that change "shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election."

It is a general rule that discretionary power such as was vested in a Board of School Directors is not unlimited, and Equity will intervene in the public interest where the School Board has been guilty of an error or misapplication of law, or of arbitrary action, or of a clear abuse of discretion, especially if it results in an unlawful expenditure of public funds. . . .

*Myers v. Newtown Township School District,* 396 Pa. 542, 544, 153 A.2d 494, 496 (1959). This Court has said that "[a] court of equity may interfere with or limit this authority [to set compensation] only where it is clearly shown that the school board has acted outside the scope of its authority or not in good faith." *Slavich v. Conemaugh Valley School District,* 39 Pa.Commonwealth Ct. 352, 355, 395 A.2d 644, 646 (1978). "Arbitrariness and caprice must not be confused with bona fide differences of opinion and judgment. The former are indices of motivation and intention, while the latter, by definition, concede proper motivation and intention and differ only as concerns methods and modes of achievement and realization." *Dochenetz v. Bentworth School District,* 6 Pa.Commonwealth Ct. 173, 185, 1972 WL 14699 (1972).

■ Having reviewed the record, we conclude that Common Pleas properly entered the compulsory nonsuit. The Collectors presented testimony regarding their duties, the time spent performing these duties, their current compensation, and how they would be affected by the new rate of compensation. Their testimony established that the new rate of compensation would be financially detrimental to them, but it did not establish bad faith or lack of authority on the part of the District. The Collectors did not present evidence that the District acted with improper motive or intent. The Collectors established nothing more than that they and the District differ with regard to what is considered adequate compensation for the job.

■ The Collectors argue second, that Common Pleas erred when it entered the nonsuit, because the District's cross-examinations of some of the tax collectors exceeded the scope of the direct examinations and enabled the District to present a defense to the Collectors' allegations. We remind the Collectors, however, that " '[t]he rule that the scope of cross-examination may not properly exceed the scope of the direct is not applicable where a party to the action offers himself as a witness. He may be cross-examined freely as to any matter relevant and material to the issues': *Jess v. McMurray,* [394 Pa. 526, 527, 147 A.2d 420, 421 (1959) ]." *Geelen v. Pennsylvania Railroad Company,* 400 Pa. 240, 246, 161 A.2d 595, 599 (1960). We have reviewed the record; the scope of the District's cross-examination of the Collectors was not improper. The subjects addressed by the District's cross-examination of the Collectors, including their discussions with the school board regarding compensation, their qualifications for the job, their job-related expenses, and the flow of tax collections during the year, are material and relevant to the issues.

■ The Collectors also argue that the District introduced evidence in the form of defendant's Exhibit No. 1. Pa.R.C.P. No. 230.1 provides that a nonsuit is not appropriate if evidence has been introduced on behalf of the defendant. Our review of the record reveals, however, that this exhibit was marked for identification only. It was never offered into evidence and was not considered by Common Pleas in its decision to enter nonsuit. We note also, that the subject matter of the exhibit was material and relevant to the issues and was, therefore, a proper subject for cross-examination.

Accordingly, the order of the Court of Common Pleas of Blair County is affirmed.

### ORDER

**AND NOW,** this 15th day of June, 1995, the order of the Court of Common Pleas of Blair County in the above-captioned matter is affirmed.