**Paulette BAKER, President Cambria County Tax Collectors Association, Appellants**

**v.**

**CENTRAL CAMBRIA SCHOOL DISTRICT and Cambria County Commissioners.**

Commonwealth Court of Pennsylvania.

Argued April 5, 2011.

Decided June 27, 2011.

Angelo Anthony Papa, Jr., New Castle, for appellants.

Patrick J. Fanelli, Altoona, for appellee Central Cambria School District.

Harlan S. Stone, Pittsburgh, for appellee Cambria County Commissioners.

BEFORE: LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge LEAVITT.

Paulette Baker, President, Cambria County Tax Collectors Association (Tax Collectors), appeals an order of the Court of Common Pleas of Cambria County (trial court) dismissing her association's action against the Central Cambria School District (School District) and the Cambria County Commissioners (County) (collectively Taxing Authorities). Tax Collectors assert that the trial court erred in holding that their pleading did not allege facts sufficient to support their claim that the Taxing Authorities acted arbitrarily and capriciously in reducing their compensation. Discerning no error, we affirm.

On March 8, 2005, Tax Collectors filed a writ of summons against the Taxing Authorities.[1] After several extensions granted by the trial court, Tax Collectors filed a complaint on July 24, 2009, challenging the Taxing Authorities' decision to reduce the Tax Collectors' rate of compensation. In response to preliminary objections filed by the Taxing Authorities, Tax Collectors filed an amended complaint on September 10, 2009. It charged the Taxing Authorities with fraud and misrepresentation and other violations of the law with respect to the Tax Collectors' right to be compensated fairly for their labors.

The Taxing Authorities filed preliminary objections to the amended complaint, requesting its dismissal. The trial court sustained the preliminary objections with respect to the claim of intentional misrepresentation and fraud and dismissed that count. With respect to the complaint's count that the reduction in the compensation of the Tax Collectors was procedurally defective, the trial court held that the general allegations lacked specificity. However, the trial court did not dismiss that count. In response, Tax Collectors filed a second amended complaint on January 14, 2010.

The second amended complaint contained one count that asserted that the Tax Authorities acted arbitrarily and capriciously with respect to the reduction in their compensation. The complaint alleged that prior to 2005, the School District compensated Tax Collectors by allowing them to retain 2.9% of all real estate

---

1. The writ was reissued on August 19, 2005.

taxes collected. This produced an average annual compensation per tax collector of approximately $20,000. By reducing this compensation in 2006 to a flat $3.00 payment per parcel of real property taxed, the School District reduced the Tax Collectors' compensation by over 60%.

With respect to the County, the complaint alleged that prior to 2005, the County compensated Tax Collectors by allowing them to retain 1.9% of all real estate taxes collected. In 2006, the County changed the compensation to a flat $2.85 payment per parcel of real property for the first 2500 parcels taxed and a flat $1.25 per parcel thereafter. This change reduced the Tax Collectors' compensation by over 50%.

Compensation for collecting per capita taxes was unchanged by the Taxing Authorities. It remained $0.30 per head. The complaint did not challenge the compensation for collection of the per capita taxes.

The complaint asserted that the Taxing Authorities acted arbitrarily and capriciously in several ways. First, it asserted that the 2006 revisions to the compensation of Tax Collectors was invalid because it was effected by enactment of a resolution, as opposed to an ordinance. Accordingly, neither the public nor the Tax Collectors had adequate notice of the Taxing Authorities' intention to revise their compensation. Second, the complaint asserted that the decision to implement a drastic reduction in compensation was made without a study or sufficient justification. At the meeting adopting the compensation change, the County simply stated that the reduction was done for the public good and welfare, and did so at a time when nearly every other County employee received a pay increase. Third, the complaint assert-

ed that the Taxing Authorities had acted for the sole purpose of eliminating the position of tax collector so that the Taxing Authorities could do the job of collecting taxes themselves. Tax Collectors requested damages in excess of $200,000 and an order nullifying the 2005 resolutions that had established the reductions in compensation.

The Taxing Authorities filed preliminary objections in the nature of a demurrer to the second amended complaint.[2] They asserted that because Tax Collectors cannot challenge the adequacy of their compensation after being sworn into office, their complaint was baseless. Specifically, they argued that the compensation of elected tax collectors may be changed, so long as the change takes place before the fifteenth day of February of the year of the municipal election. In addition, the Taxing Authorities asserted the second amended complaint, like the original complaint, failed to state a cause of action because it did not identify any procedural irregularity with respect to either resolution. The School District lacks statutory power to enact ordinances; it operates solely by resolution. The applicable tax statute expressly authorizes the County to establish the compensation of tax collectors by resolution.

In response, the Tax Collectors countered that they filed the writ of summons prior to being elected and, thus, they have standing to challenge the reduction in their compensation. Tax Collectors also argued that the power to set the rate of compensation is not absolute and entirely inadequate compensation adversely affects the public interest.

The trial court agreed that an elected official cannot initiate litigation after his

2. The County and the School District filed separate preliminary objections, but they raise identical issues. See Reproduced Record at 255a and 265a (R.R. ——).

election to seek an increase in salary, relying upon *Myers v. School District of Newtown Township*, 396 Pa. 542, 153 A.2d 494 (1959). In *Myers*, our Supreme Court held that the tax collector, Myers, lacked standing to challenge his compensation because he ran for office with full knowledge of the established rate of compensation. He could not wait until he was elected to assert that the compensation was inadequate.[3] However, the trial court distinguished *Myers*. Here, the Tax Collectors filed their writ of summons *prior* to their election in 2005 and, thus, had standing to challenge the new compensation rate. In support, the trial court relied upon *McDaniel v. County of Venango*, 921 A.2d 1265 (Pa.Cmwlth.2007), *petition for allowance of appeal denied*, 594 Pa. 700, 934 A.2d 1279 (2007), in which we held that a "tax collector who initiates litigation prior to being elected can pursue a challenge to compensation." 921 A.2d at 1269.[4] The Tax Collectors' writ of summons was filed in March of 2005, in advance of the primary election day.

The trial court then turned to the Taxing Authorities' argument that the complaint failed to state a claim with respect to their procedural challenge. The complaint alleged that the compensation change should have been effected by ordinance in order to put the public on notice of the question. The trial court rejected this argument because it lacked any foundation in statute. To the contrary, the applicable statute expressly authorizes a taxing authority to effect a compensation change either by ordinance or by resolution.[5] Thus, the complaint failed to state a claim in this regard.

Finally, the trial court addressed Tax Collectors' claim that the resolutions were arbitrary and capricious, and it found that the complaint did not state facts, in spite of the complaint's amendments, sufficient to state a claim. On this basis, the trial court sustained the demurrer and dismissed the complaint.

 Tax Collectors now appeal to this Court and raise one issue for our review.[6]

3. *See also Rachael v. Forest Hills School District*, 94 Pa.Cmwlth. 130, 503 A.2d 472 (1986) (holding that a tax collector's lack of knowledge of the decrease in compensation by the school district did not excuse his failure to file his challenge pre-election).

4. In *McDaniel*, several tax collectors filed a class action suit challenging a county resolution reducing their compensation. The tax collectors argued that they submitted letters of discontent to the county prior to the election, which were the equivalent of a writ of summons. The tax collectors lost because we concluded that the pre-election letters of discontent could not be deemed a writ of summons.

5. Section 36.1 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, added by Section 2 of the Act of May 16, 1951, P.L. 314, *as amended*, 72 P.S. § 5511.36a, provides as follows:
> When any taxing district or taxing authorities propose to either raise or reduce the

compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

6. Our scope of review, in an appeal from a trial court's order sustaining a preliminary objection and dismissing a complaint, is whether the trial court committed an error of law or an abuse of discretion. *McDaniel*, 921 A.2d at 1267 n. 7. When considering the preliminary objections, we must accept all well-pleaded facts and reasonable inferences therefrom as true. *Id.* As to the grant of a preliminary objection in the nature of a demurrer:
> A demurrer can only be sustained where the complaint clearly is insufficient to establish the pleader's right to relief. A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly deducible from those facts. The pleader's conclusions or averments of law are not

They argue that the trial court erred in finding that they failed to plead sufficient facts in support of their claim that the Taxing Authorities acted in an arbitrary and capricious manner.[7]

The Taxing Authorities did not demur to the complaint on the theory that the complaint failed to plead arbitrary and capricious conduct with requisite specificity. Interestingly, the Tax Collectors do not argue that the trial court erred by dismissing their complaint on a ground not raised in the preliminary objections. Rather, they argue that the trial court abused its discretion by denying them an opportunity to undertake discovery and argue their claims before a factfinder. They assert that their pay has been reduced by 60% and that, to date, the Taxing Authorities have not provided a cogent explanation for this reduction.

The Taxing Authorities counter that the second amended complaint did not plead facts from which procedural irregularities or arbitrary or capricious conduct can be inferred. The School District claims that the second amended complaint "admits" that the reason for the reduction was to reduce costs.[8] The County contends that the second amended complaint makes vague and conclusory allegations of arbitrary and capricious conduct, but it does not plead facts.

We begin with a review of the law. The Local Tax Collection Law (Tax Law), Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §§ 5511.1–5511.42, is the statutory law that governs the compensation of tax collectors. As noted above, Section 36.1 of the Tax Law,[9] allows school districts and counties to reduce or increase the compensation of tax collectors, and it states:

> When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, *such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February* of the year of the municipal election.

72 P.S. § 5511.36a (emphasis added). This provision has been construed to mean that the power to reduce or increase compensation is not unlimited. To the contrary, compensation decisions can be challenged on the grounds that they are arbitrary and capricious. *Abington School District v. Yost,* 40 Pa.Cmwlth. 312, 397 A.2d 453, 457–458 (1979).

In *Yost,* a school district reduced the compensation of tax collectors and assigned their responsibilities to a bank.

---

considered to be admitted as true by a demurrer. Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.
*Palmer v. Bartosh,* 959 A.2d 508, 512 n. 2 (Pa.Cmwlth.2008) (internal citations omitted).

7. Tax Collectors appear to have abandoned the argument that reduction in the compensa-

tion of tax collectors can only be effected by ordinance. As found by the trial court, the Taxing Authorities are clearly permitted to reduce compensation by ordinance *or* resolution.

8. The second amended complaint charges the Taxing Authorities with misrepresentation in their statement that the reduction was done for the public good and the general welfare. Second Amended Complaint, ¶ 19. This is hardly an admission.

9. Added by Section 2 of the Act of May 16, 1951, P.L. 314, *as amended,* 72 P.S. § 5511.36a.

This Court explained that Section 36.1 was added to the Tax Law in the post-World War II era of high growth. Basing compensation on a percentage of taxes collected led to over-compensation. We explained:

As a result many local tax collectors, whose compensation was fixed as a percentage of the tax collections, began suddenly to receive amounts of pay far in excess of what they had received in the past for much the same work and of what indeed was reasonable. *It was, of course, the Legislature's intention that the amounts of compensation of tax collectors fixed by the local taxing districts pursuant to Section 36.1 should be reasonable.* There is not the slightest indication that the Legislature intended that local taxing authorities should have the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections, already comprehensively provided for in the statutes.

*Id.* at 456–457 (emphasis added). In short, compensation has to be reasonable and cannot be set at a level so low that it effectively sets aside the existing tax collection statutory scheme.

On the other hand, in *Telly v. Pennridge School District Board of School Directors,* 995 A.2d 898, 903 (Pa.Cmwlth.2010), we observed that the Tax Law does not provide standards for determining whether fixed compensation is fair and reasonable. Indeed, neither the Tax Law nor the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702, provide a remedy where it is alleged by tax collectors that the compensation rate is unreasonable.

Tax Collectors rely upon *Hollidaysburg Area School District Tax Collectors v. Hollidaysburg Area School District,* 660 A.2d 245 (Pa.Cmwlth.1995), for their proposition

that a substantial reduction in compensation is, in itself, capricious action. The County counters that *Hollidaysburg* supports the opposite, *i.e.,* that a substantial reduction in compensation does not, in itself, equate to arbitrary and capricious action.

In *Hollidaysburg,* the tax collectors presented evidence that the school district's new compensation scheme would reduce their compensation by 70%. At the close of their case, the trial court granted a nonsuit finding that tax collectors had failed to present evidence that the compensation would be so inadequate as to constitute arbitrary and capricious action. On appeal, this Court found that the record established only that there was a difference of opinion over what constituted adequate compensation for the job, which is not enough to show arbitrary and capricious conduct. We explained that

[a]rbitrariness and caprice must not be confused with bona fide differences of opinion and judgment. The former are indices of motivation and intention, while the latter, by definition, concede proper motivation and intention and differ only as concerns, methods and modes of achievement and realization.

*Id.* at 247 (quoting *Dochenetz v. Bentworth School District,* 6 Pa.Cmwlth. 173, 185 (1972)).

Most recently, in *Telly,* we again considered the question of whether a substantial reduction in compensation, in itself, constituted capricious and arbitrary conduct. In *Telly,* the tax collectors for two school districts had their compensation rate reduced dramatically, *i.e.,* by 69% in one school district and by 79% in the other district. The tax collectors sought to enjoin and set aside the compensation resolutions. At the hearing, evidence was presented that the school districts adopted the new compensation levels after consultation

with a bank, which persuaded the school districts that taxes could be collected more efficiently using new technology. The new technology would realize a savings of $50,000 for one school district and a savings of $100,000 for the other. The trial court set aside the resolutions. It held that the reasonableness of compensation should not be determined by what is available in the marketplace but, rather, by what an effective elected tax collector needs to perform his traditional and accepted services.

On appeal, we reversed. We reasoned that taxing authorities have broad discretion that will be set aside only where they act beyond a lawful purpose. We distinguished *Yost,* 397 A.2d at 455, wherein tax collectors were prohibited from collecting taxes, and *Penn–Delco School District v. Schukraft,* 95 Pa.Cmwlth. 619, 506 A.2d 956, 958 (1986), where the school board reduced tax collectors pay to $1, without any reasoning. We noted that *Hollidaysburg* established the principle that tax collectors' evidence about their duties, the time spent on those duties and the impact of the new rate of compensation was irrelevant. In *Telly,* the school districts established the reasonableness of their compensation on the basis of available and cost-efficient technology. In other words, the marketplace, not collection practices long employed by tax collectors, established the benchmark for reasonable compensation.

■ We turn now to the preliminary objection before us. A preliminary objection in the nature of a demurrer "may be determined from facts of record so that further evidence is not required." PA. R.C.P. No. 1028(c)(2). This is because the sufficiency of a pleading is a question of law, not fact.

The second amended complaint of the Tax Collectors recites facts that relate to their duties; the time spent performing those duties; current compensation rates; and how they would be affected by the new rate. These allegations are irrelevant under *Hollidaysburg,* 660 A.2d at 247, and *Telly,* 995 A.2d at 906 n. 5, because they assume that reasonableness of compensation is determined by traditional tax collection practices. It is not.

The remaining allegations in the second amended complaint are minimal. Specifically, Tax Collectors assert that the resolutions were passed without any public explanation for the change in compensation; that the Taxing Authorities did not do a study of tax collections; and that no one ever complained that the Tax Collectors had been overpaid. Second Amended Complaint, ¶¶ 16, 21, 27. Even if true, these allegations do not state a claim. Nothing in the applicable statute provides that taxing authorities may implement a change in compensation only after an in-depth study and explanation to the public. Nor must taxing authorities wait for a citizen complaint to undertake a review of compensation paid to tax collectors.

The complaint alleges that the Taxing Authorities want to eliminate the elected tax collector positions in order to increase their power, but there are no facts alleged to support this conclusion. Tax Collectors allege that the actions taken by the Taxing Authorities did not comport with the law. Second Amended Complaint, ¶ 30. Tax Collectors do not identify the law that was violated and do not identify any specific actions of the Taxing Authorities that were illegal. Tax Collectors filed their second amended complaint five years after their compensation was reduced. The fact that Tax Collectors are still on the job belies their theory that the purpose of the 2005 compensation reduction was to eliminate their positions.

Tax Collectors had years to do pre-complaint discovery and investigation, but they only make vague claims that they "believe" the Taxing Authorities acted illegally in reducing their pay. Second Amended Complaint, ¶ 29. It was the Tax Collectors' burden to offer *facts* to state a claim for which relief may be granted. *Palmer*, 959 A.2d at 512 n. 2. General allegations that the Taxing Authorities should have acted differently and unsubstantiated theories, or beliefs, about Taxing Authorities' motivations do not meet this burden. As such, we conclude that the trial court acted appropriately in sustaining the preliminary objections of the Taxing Authorities and dismissing the second amended complaint of Tax Collectors.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 27th day of June, 2011, the order of the Court of Common Pleas of Cambria County dated August 11, 2010, in the above-captioned matter is hereby AFFIRMED.

DISSENTING OPINION BY Judge BROBSON.

I respectfully dissent.

As the majority recognizes, a preliminary objection in the nature of a demurrer should be granted only in cases that are clear and free from doubt. When considering such a preliminary objection, a court must accept as true all well-pleaded facts and must afford the nonmoving party all reasonable inferences therefrom. Tax Collectors challenge Taxing Authorities' decision to reduce Tax Collectors' compensation as arbitrary and capricious. To support their claim, Tax Collectors allege, *inter alia*, the following:

11. On or around February of 2005, the school board members of Defendant Cambria School District voted to reduce the pay scale of the Plaintiff Tax collectors from approximately 2.9% of all collections made for real estate tax, to a flat rate of 3.00 per parcel. The modest per capita pay scale described above stayed the same.

12. This change reduced the tax collectors pay from Defendant Central Cambria School District by over 60%, and with the fixed expenses of the tax collectors, eliminated any profit (income) for the tax collectors from the endeavor of collecting on behalf of Defendant Central Cambria School District. The injustice of this pay reduction was further magnified by the additional work the tax collector had to perform because of the new requirements of the Homestead Act.

13. It should be noted that a then school board member, who voted in favor of this reduction (in a 5–4 vote), later signed the Plaintiff's petition in protest of this reduction, further evidencing the arbitrariness of this government action. It also should be noted that when protesting this action prior to the November of 2005 election, a school board member commented and taunted the tax collectors at a public meeting, telling them, that if they didn't like the change in pay they should quit.

14. On or around February of 2005, the Defendant Cambria County Commissioners reduced the pay scale of the Plaintiff Tax collectors from approximately 1.9% of all collections made for real estate tax, to a flat rate of $2.85 per parcel for the first 2500 parcels and $1.25 for every other parcel. The modest per capita pay scale described above stayed the same.

15. This change reduced the tax collectors pay from Defendant Cambria County Commissioners by over 50%, and with the fixed expenses of the tax collectors, eliminated any profit (income) for the tax collectors from the endeavor of collecting on behalf of Defendant Cambria County Commissioners. The injustice of this pay reduction was further magnified by the additional work the tax collectors had to perform because of the requirements of the Homestead Act and the commissioners requiring that the tax collectors mail taxes out a month earlier than previously mandated.

. . .

21. Despite this drastic reduction in pay, none of the defendants has ever solicited, begun, or otherwise discussed doing a study, or survey on any other compensated individual or entity, in the County for purposes of saving money.

22. Despite this drastic reduction in pay, nearly every other employee of the county received a pay increase at the same time the tax collectors received this drastic pay decrease.

23. There is absolutely no evidence to indicate that the commissioners reduced their budget by reducing the compensation of the tax collector positions.

24. It is reasonably believed that Discovery will show that the Defendants true intention with this reduction was the elimination of the tax collector position.

(Reproduced Record at 225a–27a.)

The majority reads these allegations as merely conclusory or equivocal, noting specifically that Tax Collectors allege what they "believe" they can prove if afforded an opportunity to conduct discovery. Under the applicable standard of review, I believe these allegations are sufficient to withstand a request for dismissal of Tax Collectors' claim at this preliminary stage of litigation. Moreover, I note that Tax Collectors were not required to plead with absolute certainty that they can prove alleged facts. In this regard, Rule 1024(a) of the Pennsylvania Rules of Civil Procedure provides:

Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or *information and belief* and shall be verified. *The signer need not aver the source of the information or expectation of ability to prove the averment or denial at trial.* A pleading may be verified upon personal knowledge as to a part *and upon information and belief as to the remainder.*

(Emphasis added.)

For these reasons, I would reverse the trial court to the extent it dismissed Tax Collectors' claim that the Taxing Authorities' decision to reduce Tax Collector's compensation was arbitrary and capricious and, consequently, remand for the filing of an answer.