# US Bank National Association v. Iwanejko

C.P. of Lawrence County, No. 10686.

*Craig A. Himeisen,* for plaintiff
*Louis Pomerico,* for defendant

PICCIONE, *J.,* March 5, 2013—Before this court for disposition are the plaintiff's, US Bank National Association, as trustee for CitiGroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3 (hereinafter, "plaintiff"), preliminary objection to the defendant's, Robert F. Iwanejko (hereinafter, the "defendant"), counterclaim and cross-claim. The current action was commenced on June 6, 2012 when the plaintiff filed a complaint in mortgage foreclosure against the defendant for allegedly defaulting on a mortgage encumbering property he owns in Lawrence County, Pennsylvania. After the defendant filed preliminary objections to the plaintiff's complaint, the plaintiff filed an amended complaint in mortgage foreclosure (hereinafter, the "amended complaint") on October 4, 2012.

In the amended complaint, the plaintiff asserts that the defendant executed a note in favor of Wells Fargo Bank, N.A. (hereinafter, "Wells Fargo") in the original amount of $42,320.00. As security for payment of the note, the defendant executed a mortgage for the above amount on the premises he owns located at 1408 East Washington

Street, New Castle, Pennsylvania 16101-4418. Such mortgage was recorded in the Office of the Recorder of Deeds of Lawrence County the following day, on July 27, 2006. The mortgage was assigned by Wells Fargo to the plaintiff pursuant to an assignment of mortgage[1] dated August 11, 2011, which was recorded in the Office of the Recorder of Deeds of Lawrence County on August 15, 2011. The plaintiff asserts that the defendant is in default under the terms of the mortgage for failing to pay the monthly installments of the principal and interest due for May 2011. After providing the defendant with written notice of the default, the plaintiff asserts the entire principal balance and accrued interest due under the mortgage has been accelerated. On July 3, 2011, the plaintiff mailed to the defendant a combined Notice of Homeowners' Emergency Mortgage Assistance Act of 1983 and written notice of the plaintiff's intention to foreclose the mortgage pursuant to 41 P.S. § 403. Finally, the plaintiff asserts that as of August 15, 2012, the amount due and owing to the plaintiff is $52,493.76 plus interest and all other additional amounts authorized under the mortgage and Pennsylvania law actually and reasonably incurred by the plaintiffs.

On November 5, 2012, the defendant filed the answer to amended complaint and new matter and counter-claim and cross-claim pursuant to Pa.R.C.P. 1031 and Pa.R.C.P. 1031.1. In his answer, the defendant admits the plaintiff's

---

1. The mortgage was assigned by Wells Fargo to the plaintiff pursuant to an assignment of mortgage dated August 8, 2011 and recorded August 17, 2011. This assignment of mortgage was inadvertently prepared and recorded twice.

assertions; although, he asserts that he did not "refuse" to make payments but was "unable" to make payments under the time frame set by the plaintiff. Additionally, the defendant does not agree with the amount due as asserted by the plaintiff. In the defendant's new matter, the defendant asserts that he was mislead by the plaintiff because the plaintiff led him to believe the bank was "working with him" to work out a payment plan to cure the delinquent mortgage payments. On July 9, 2012, the defendant asserts the plaintiff filed a 10-day notice, in pursuing to go forward with the foreclosure. The defendant claims the plaintiff fraudulently acted as if they were willing to work with him in order to help him save his home from foreclosure while continuing with the foreclosure. He asserts the plaintiff fraudulently induced the defendant not to make payments. In the defendant's counter-claim, he avers the plaintiff fraudulently induced the defendant not to make payments; and as a result, the plaintiff is liable for damages in excess of $50,000.00. Finally, in the defendant's cross-claim, he asserts Wells Fargo assigned rights and remedies to the plaintiff but not the liabilities and responsibilities. The defendant avers Wells Fargo is therefore liable for damages due to the fraud alleged in the new matter to the defendant in excess of $50,000.00. In the cross-claim, the defendant refers to Wells Fargo as the "additional defendant".

On December 14, 2012, the plaintiff filed preliminary objections to defendant's counter-claim and cross-claim. The plaintiff's first preliminary objection is in the nature

of a demurrer, which asserts the counter-claim is legally insufficient for the following three reasons: (1) because it seeks to assert a claim that is not part of or incidental to the creation of the mortgage; (2) because a counterclaim for affirmative in personam money damages cannot be asserted in an in rem mortgage foreclosure action; and (3) defendant has failed to state a cause of action for fraud against the plaintiff. The plaintiff's next preliminary objection asserts the defendant improperly joined Wells Fargo as an additional defendant to the action in violation of Pennsylvania Rule of Civil Procedure 2252. Next, the plaintiff asserts that the defendant's counter-claim and cross-claim fail to allege sufficient facts to support each claim. Finally, the plaintiff's last preliminary objection alleges insufficient specificity in the counter-claim and cross-claim in violation of Rule 1028(a)(3).

On December 27, 2012, the plaintiff filed a praecipe for disposition on written briefs requesting that this court rule on the plaintiff's preliminary objections on briefs alone. On January 4, 2013, this court ordered the each party to file briefs and ordered the preliminary objections to be decided without oral argument.

When a court is presented with preliminary objections to a complaint, all material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP,* 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia Daily News,* 757 A.2d 938,941-42 (Pa. Super. 2000). The court must further determine, as a matter of law, whether,

based on the facts averred in the complaint, the plaintiff may be entitled to recovery. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa. Super. 1999). preliminary objections should only be sustained when the court determines with certainty that, upon the facts averred, the law will not permit the recovery sought by the plaintiff. *R.W. v. Manzek*, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642,643 (Pa. Super. Ct. 2000).

Preliminary objections to a complaint may be filed on the grounds of legal insufficiency of that complaint. Pa.R.C.P. 1028(a)(4). The standard of review for a preliminary objection in the nature of a demurrer is as follows:

> A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly deducible from those facts. The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.

*Baker v. Central Cambria School Dist.*, 24 A.3d 488, 492 n.6 (Pa. Cmwlth. 2011) (citing *Palmer v. Bartosh*, 959

A.2d 508, 512 n.2 (Pa. Cmwlth. 2008) (internal citations omitted)).

First, the plaintiff argues that the defendant's counter-claim should be dismissed because it seeks to assert a claim that is not part of or incidental to the creation of the mortgage. Pennsylvania Rule of Civil Procedure 1148 provides, "A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose." This rule must be narrowly construed. *Cunningham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super. 1998). "Thus, a counterclaim in a foreclosure action is cognizable if it alleges fraud in the inducement to the mortgage[.]" Here, the defendant's counter-claim asserts that Wells Fargo fraudulently induced the defendant not to make payments. The defendant avers that although the plaintiff filed a complaint in mortgage foreclosure on June 6, 2012, the plaintiff fraudulently acted as if they were willing to work with him in order to help him save his home from foreclosure. The mortgage itself was executed in 2006. The facts alleged by the defendant in his counter-claim occurred after the creation of the mortgage and after he was in default of the mortgage. Therefore, the defendant's counter-claim is not part of or incident to the creation of the mortgage. The plaintiff's first preliminary objection is sustained; and the defendant's counter-claim is dismissed.[2]

---

2. Because this court finds the defendant's counter-claim is legally insufficient because it violates Pa.R.C.P. 1148, the court will not address the plaintiff's other arguments alleging its legal insufficiency.

The plaintiff's next preliminary objection alleges the defendant improperly joined Wells Fargo as an additional defendant to the action in violation of Pennsylvania Rule of Civil Procedure 1031.1. In the cross-claim, the defendant avers Wells Fargo assigned its rights and remedies to the plaintiff but not the liabilities and responsibilities. Because of this, the defendant avers Wells Fargo is liable for damages due to the alleged fraudulent inducement of payments described supra. The defendant also addresses Wells Fargo as an "additional defendant" in the cross-claim.

Pennsylvania Rule of Civil Procedure 1031.1 provides in relevant part, "Any party may set forth in the answer or reply under the heading 'cross-claim' a cause of action against any other party to the action[.]" (emphasis added). Wells Fargo is not an existing party to the action. Similarly, the defendant has not attempted to join Wells Fargo as an additional defendant. Without considering the merits of the defendant's cross-claim, because Wells Fargo is not an existing party to the action, nor has the defendant attempted properly to join it as an additional defendant, the plaintiff's preliminary objection is sustained. The defendant's cross-claim is therefore dismissed[3].

Based upon the foregoing, the plaintiff's preliminary objections in the nature of a demurrer and improperly joining an additional defendant are sustained, and the

---

3. Because court has dismissed the defendant's counter-claim and cross-claim, it will not address the plaintiff's remaining preliminary objections that neither the counter-claim nor the cross-claim allege sufficient facts to support the claims contained therein.

defendant's counter-claim and cross-claim are dismissed.

## ORDER OF COURT

And now, March 05, 2013, the court having decided the issue regarding plaintiff's preliminary objections to defendant's counter-claim and cross-claim on briefs alone, with Craig A. Hirneisen, Esquire, representing the plaintiff, and Louis Pomerico, Esquire, representing the defendant, and after a complete and thorough review of the applicable record, the court finds, and it is hereby ordered and decreed as follows:

1. The plaintiff's preliminary objection in the nature of a demurrer is sustained pursuant to the attached opinion.

2. The defendant's counter-claim is hereby dismissed.

3. The plaintiff's preliminary objection alleging misjoinder of an additional defendant is sustained pursuant to the attached opinion.

4. The defendant's cross-claim is hereby dismissed.

5. The defendant is permitted to file an amended answer to the plaintiff's amended complaint within twenty (20) days of the date of this order.

6. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.