## Bank of America v. Hallowich

C.P. of Lawrence County, No. 10400 of 2013, C.A.

*Jeremy K.Kobeski*, for plaintiff.
*Jonathan R. Miller*, for defendant.

PICCIONE, *J.*, November 6, 2013—Before this court for disposition are the preliminary objections to the complaint in mortgage foreclosure (hereinafter, the "preliminary objections") filed on behalf of the defendant, Kurt J. Hallowich (hereinafter, the "defendant"). The current action was commenced on April 22, 2013 when the plaintiff, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, F/K/A Countrywide

Home Loans Servicing, LP (hereinafter, the "plaintiff"), filed the complaint in mortgage foreclosure (hereinafter, the "complaint"), which alleges the defendant defaulted on a mortgage issued by the plaintiffs predecessor in interest. The mortgage encumbers real property the defendant owns in Lawrence County, Pennsylvania. The mortgage was subsequently assigned to the plaintiff. The plaintiff avers in the complaint that the defendant defaulted on the monthly payments of principal and interest upon the mortgage on November 1, 2011, and has failed to render payment each month thereafter. The plaintiff argues that the defendant owes $84,029.49 to the plaintiff as of March 25, 2013.

The complaint sets forth that the plaintiff mailed a notice of intention to foreclosure as set forth in Act 6 of 1974 (hereinafter, "Act 6), Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91, as amended in 2008, and/or notice of default as required by the mortgage documents as applicable to the defendant. The plaintiff requests in the complaint that this court enter an in rem judgment against the defendant in the sum of $84,029.49 plus interest, costs, fees, and charges collectible under the mortgage.

On May 16, 2013, the defendant filed the instant preliminary objections, wherein the defendant argues that this court is without subject matter jurisdiction due to the plaintiffs failure to comply with the notice requirements of Act 6, Act 91, and/or Pennsylvania Rule of Civil Procedure 1147. Although the complaint alleges that such notices were sent to the defendant, the defendant argues that the plaintiff has not provided any documentation proving that the plaintiff in fact mailed these notices to the defendant. Additionally, the defendant asserts in the preliminary

objections that the complaint does not comply with Pennsylvania Rule of Civil Procedure 1028(a)(2) because the plaintiff has not provided proper documentation to trace the assignment of mortgage from the initial lender to the plaintiff. Additionally, the defendant argues that the plaintiff has not complied with Rule 1028(a)(2) because the complaint does not provide an itemized statement indicating how the amount allegedly owed was calculated. The defendants request this court dismiss the complaint for these reasons.

The defendant filed a praecipe to place the case for disposition on the preliminary objections, wherein the defendant stated that oral argument was not required. After conferring with each party's counsel, this court then issued an order dated September 4, 2013 informing the parties that the preliminary objections will be decided on briefs alone and without oral argument. Each party complied with this order and filed its respective brief.

The defendant's first preliminary objection is in the nature of a demurrer and is based upon violations of Pennsylvania Rule of Civil Procedure 1028(a)(1) and (2). The defendant argues this court is without subject matter jurisdiction because the plaintiff has failed to comply with the notice requirements of Act 6, Act 91, and/or Pa.R.C.P. 1147. The defendant argues that although the complaint alleges that such notices were sent to the defendant, it fails to identify when or to where the notices were sent or provide documentation of the same. Additionally, the defendant argues that even assuming such notices were sent to the defendant, the notices would have been defective. The defendant argues that since the mortgage was modified on March 21, 2013, the plaintiff was required to send an additional Act 6 notice to the defendant thirty days from

that date before commencing a legal action to collect the debt. Without being provided of such notice, the defendant argues this court lacks subject matter jurisdiction, and the complaint should be dismissed.

The standard of review for a preliminary objection in the nature of a demurrer is as follows:

A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly deducible from those facts. The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.

*Baker v. Central Cambria School Dist.*, 24 A.3d 488, 492 n.6 (Pa. Cmwlth. 2011) (citing *Palmer v. Bartosh*, 959 A.2d 508, 512 n.2 (Pa. Cmwlth. 2008) (internal citations omitted)). As stated above, the defendant argues that the plaintiff failed to comply with rule 1028(a)(1) of the rules of civil procedure. Rule 1028(a)(1) provides that a preliminary objection to a pleading may be filed which alleges that the court lacks jurisdiction over the subject matter of the action. Pa.R.C.P. 1028(a)(1).

Prior to commencing the instant proceedings, the plaintiff filed the notice of intention to foreclosure to the defendant. This notice was sent pursuant to the

requirements of the Act 6, which is codified at 41 P.S. § 403. Strict compliance with such notice provisions is a prerequisite of this court's obtaining subject matter jurisdiction over a mortgage foreclosure action. *Bankers Trust Co. v. Foust*, 621 A.2d 1054 (Pa. Super. 1993). The plaintiff filed plaintiff's response to defendant's preliminary objections (hereinafter, the "response") in which it asserts that a notice of intention to foreclose mortgage was sent to the defendant at the defendant's last known address. The plaintiff has attached a copy of the Act 6 notice to its response as exhibit "D." The court has reviewed the copy and finds that the plaintiff indeed mailed such notice in compliance with Act 6 to the defendant on January 17, 2013.

Both parties recognize that the mortgage was modified by later agreement. Upon review, the court acknowledges that the modification agreement is dated February 10, 2012, and was signed and accepted by the defendant on February 17, 2012. The modification contained material changes to the mortgage. The modification changed the principal sum of the mortgage that is owed to the plaintiff and the date upon which the full amount of the debt is owed to the plaintiff. This modification agreement was recorded in the Recorder's Office of Lawrence County on March 21, 2013. It appears that the defendant is arguing that he is entitled to receive an additional notice of the intent to foreclosure pursuant to Act 6 after the plaintiff recorded the modification. The defendant makes this contention without the support of any case law or other authority, binding or otherwise.

The defendant does not acknowledge that the modification to the mortgage was dated February 10, 2012; rather, he bases his argument entirely upon the

date on which the modification was recorded, March 21, 2013. The court finds that the defendant's reliance on the recording statute is misplaced under these circumstances. "The purpose of the recording statutes ... is to notify future encumbrancers[.]" *Beckman v. Altoona Trust Co.*, 2 A.2d 826, 828 (Pa. 1938). The recording statutes establish priorities of interest in real estate and protect future bona fide purchasers of real estate. *See Poffenberger v. Goldstein*, 776 A.2d 1037 1042 (Pa. Cmwlth. 2001). However, the recording statutes do not require the recording of instruments for the purposes of commencing an action in mortgage foreclosure against the initial mortgagor; rather, the purpose of the recording statutes is to protect potential *future* interest holders. An unrecorded interest in real estate does not render such interest invalid, nor does the recording of an interest render the time prior to its recording invalid. Consequently, a transfer of interest, or a modification thereof, is established on the date of the transfer or modification rather than the date of its recording.

The fact that the modification was recorded on March 21, 2013 does little to convince the court that the defendant should have received an additional notice of the plaintiff's intent to foreclose. More important than the constructive notice that recording an instrument provides, the defendant had *actual* notice of the modification of the mortgage, which is evidenced by his signature's appearing on the document itself. Additionally, the plaintiff avers in the complaint that the defendant defaulted on the monthly payments of principal and interest upon the mortgage on November 1, 2011, and has failed to render payment each month thereafter. This time period encompasses the time before and after the parties effectuated the modification

of the mortgage. As such, the allegation sets forth that the defendant has defaulted under both the original terms of the mortgage and the terms as altered by the modification. Moreover, as the interest holder, the defendant would indeed have actual notice of the terms of the mortgage on which he defaulted. Therefore, the court finds that the plaintiff was not required to provide the defendant with an additional notice of intent to foreclose after recording the modification.

The Act 6 notice was sent to the defendant on January 17, 2013. Act 6 provides that a notice of the intent to foreclose at least thirty days prior to the commencement of any legal action to collect the debt 41 P.S. § 403. The complaint was filed on April 22, 2013, which is well beyond the requisite thirty-day period as proscribed by Act 6. As a result, the court finds that the plaintiffs notice of intent to foreclosure was in compliance with Act 6, and the plaintiff was not required to send the defendant additional notice after recording the modification of the mortgage.

Similar to Act 6, Act 91, the Emergency Mortgage Assistance Act of 1983, (hereinafter, "Act 91"), provides that a mortgagee must provide the mortgagor with notice of its intention for foreclose upon the mortgaged property before proceeding with any legal action. 35 P.S. § 1680.402c. The defendant argues that the plaintiff has not complied with the notice requirements of Act 91, rendering this court without subject matter jurisdiction. The plaintiff, however, argues Act 91 is inapplicable in the instant case since the defendant's mortgage is insured by the Federal Housing Administration (hereinafter, the "FHA").

Act 91 provides, *inter alia,* that assistance may not

be made to a mortgagor under this act if the mortgage is insured by the federal housing administration under title II of the National Housing Act. 35 P.S. § 1680.402c(a)(3). The defendant argues that the plaintiff was still required to provide such notice to him prior to commencing the instant legal action regardless of the mortgage's being insured by the FHA. This court disagrees.

"Act 91 notice merely places a mortgagor on notice that if the mortgagor does nothing, a foreclosure action will follow." *Fish v. Pennsylvania Hosing Finance Agency*, 931 A.2d 764, 767 (Pa. Cmwlth: 2007). Such notice, however, is not required to be sent to a defaulting mortgagor under certain circumstances. The Superior Court provided in *Resolution Trust Corp. v. Buchanan*, 637 A.2d 1020, 1024 (Pa. Super. 1994), "Act 91's 'notice' requirement, to be sent in advice of commencing any legal action to recover under any obligation by a mortgagee, *shall not be applicable* if ... [t]he mortgage is insured by the Federal Housing Administration[.]" (emphasis supplied) (brackets and quotations omitted). Further, the Superior Court stated that because the defendants "did not satisfy the preliminary eligibility requirements of Act 91, they were not entitled to receive the protections of Act 91." *Id.* Therefore, if a mortgage does not meet the criteria provided by Act 91, a mortgagor is not entitled to receive notice pursuant thereto.

Instantly, the plaintiff has demonstrated by providing the FHA case number that the defendant's mortgage is indeed federally insured by the FHA. As a result, Act 91 is inapplicable in the instant case, and the plaintiff was not required to send the defendant notice pursuant to Act 91. Therefore, the plaintiff has complied with the requirements of Act 6 and has conformed to Rule 1028(a)(1). As such,

the defendant's first preliminary objection is overruled.

In his second preliminary objection, the defendant argues that the complaint violates Rule 1028(a)(2). Rule 1028(a)(2) provides, *inter alia*, that a party may file a preliminary objection for the "failure of a pleading to conform to law[.]" Pa.R.C.P. 1028(a)(2). The defendant's first contention in this preliminary objection is that the complaint fails to conform to Rule 1147 of the Rules of Civil Procedure. Rule 1147 sets forth the pleading requirements for complaints in mortgage foreclosures. Rule 1147(a) provides that a complaint in mortgage foreclosure shall set forth the following:

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a). Upon review of the complaint, the court finds that the plaintiff has complied with the above requirements. Paragraphs 2 through 6 of the complaint set forth each of the requirements numbered "(1)" through "(5)" above. Additionally, the "wherefore clause" in the complaint sets forth the plaintiff's demand for judgment in the amount owed, $84,029.49, which satisfies the

requirement numbered "(6)" above. Therefore, the court finds that the complaint conforms to the pleading requirements of Rule 1147(a).

Additionally in his second preliminary objection, the defendant asserts that the complaint fails to conform to Rule 1019(i) by not attaching to the complaint a copy of the following: (1) documentation of the plaintiff's acquisition of the mortgage; (2) statement of account and monthly statements upon which the claim is based showing the charges incurred, the accumulation of the principal and interest, and penalties on the account; (3) the promissory note; (4) the modification agreement to the mortgage; and (5) the Act 6 notice that was sent to the defendant. As a result of these alleged errors, the defendant requests this court sustain the second preliminary objection and dismiss the complaint.

Rule 1019(i) provides as follows: "When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(i). The court notes that the plaintiff had not attached the promissory note, the modification agreement, and the Act 6 notice to its complaint. In satisfaction of the defendant's preliminary objections thereto, the plaintiff then attached these three documents to its response.[1] Therefore, the

---

1. The court acknowledges that the plaintiff is not required to attach the promissory note or the modification agreement to the complaint. The current action is based upon a mortgage, not the note secured. An action in mortgage foreclosure does not attempt to enforce a personal liability, specifically a debt instrument, or note, that a defendant would secure to obtain a mortgage. The plaintiff is seeking only a judicial sale of the property under the terms of the mortgage and not the promissory note. As a result, the plaintiff is not required to attach a copy of the note

court will only address the remaining two writings not attached to the complaint that the defendant argues does not conform to a rule of law in violation of Pa.R.C.P. 1028(a)(2).

The defendant argues that the complaint failed to attach adequate documentation to establish that the plaintiff acquired the mortgage. Paragraph 3 of the complaint sets forth that the defendant originally executed a mortgage through Mortgage Electronic Registration Systems, Inc. as Nominee for Village Capital & Investment LLC, a Limited Liability County. The plaintiff avers that it acquired the mortgage by assignment, which is recorded in the Recorder's Office of Lawrence County. The plaintiff has provided documentation of the assignment of mortgage from Village Capital & Investment LLC to the plaintiff. The plaintiff has additionally provided documentation of the merger agreement between Bank of America, N.A. with BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LLC. The assignment of mortgage and the merger documents are also recorded in the recorder's office. Upon review, the court is satisfied that the plaintiff has provided the appropriate documentation to establish that it is the lawful owner of the mortgage.

The defendant lastly argues in his second preliminary objection that the complaint has failed to attach an appropriate itemized statement of the amount due under the terms of the mortgage. Pennsylvania Rule of Civil Procedure 1147(a)(5) requires a plaintiff must set forth "an itemized statement of the amount due" to its complaint in

---

to the complaint. Secondly, the plaintiff incorporated the modification agreement by reference as the modification agreement is recorded in the Recorder's office of Lawrence County, which is permissible pursuant to Pa.R.C.P. 1019(g).

mortgage foreclosure. Pa.R.C.P. 1147(a)(5). The plaintiff argues that paragraph 7 of the complaint is sufficiently specific to satisfy the requirement of Rule 1147(a)(5); however, the defendant maintains that it contains insufficient detail to allow him properly to respond.

Paragraph 7 of the complaint contains the following:

The following amounts are due on the mortgage as of 03/05/2013:

Principal Balance  $74,295.20

Interest      $7,523.75

10/01/2011 through 03/31/2013

Late Charges      $0.00

Escrow Deficit      $2,228.08

Subtotal    $84,047.03

Suspense Credit    ($17.54)

TOTAL      $84,029.49

Complaint ¶7. The court finds that this properly sets forth the amount the plaintiff seeks to recover in an itemized fashion. Additionally, this type of itemized statement has been accepted in similar types of cases. *See e.g. Wells Fargo Bank v. Jenkins*, 2009 WL 1848471 (Pa.Com.Pl. 2009). If the defendant wishes to obtain further explanation of these amounts, it is permitted to do so through the discovery process; however, the plaintiff is permitted to plead the facts as they currently appear in the complaint. As such the court is satisfied that the complaint sufficiently sets forth an itemized statement of the amount due pursuant to Rule 1147(a)(5). Because the complaint complies with

Rules 1019 and 1147, the defendant's second preliminary objection is overruled.

Based upon the foregoing, the defendant's preliminary objections to the complaint in mortgage foreclosure are dismissed.

## ORDER OF COURT

And now, this 6th day of November, 2013, this case being before the court to decide the defendant's preliminary on briefs alone, with Jeremy J. Kobeski, Esquire, representing the plaintiff, and with Jonathan R. Miller, Esquire, representing the defendant, and after a complete and thorough review of the applicable record, the court hereby orders and decrees as follows:

1. The defendant's preliminary objections to the complaint in mortgage foreclosure are hereby overruled pursuant to the attached opinion.

2. The defendant is ordered to file an answer to the complaint in mortgage foreclosure within twenty (20) days of the date of this order of court.

3. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.

